MILLS, Judge.
Husk appeals the trial court’s order finding him in need of further involuntary hospitalization pursuant to Section 394.-467(l)(a), Florida Statutes (Supp.1982). We affirm.
Husk was charged with the offenses of sexual battery and attempted first degree murder but was found not guilty by reason of insanity. Following that verdict, the trial court committed Husk to the Department of Health and Rehabilitative Services (HRS) pursuant to Rule 3.217, Florida Rules of Criminal Procedure.
Some months thereafter, HRS reported to Duval County Circuit Court that Husk no longer met the criteria for involuntary hospitalization, and he was then returned to Duval County for further proceedings pursuant to Rule 3.218, Florida Rules of Criminal Procedure. Following a hearing, the trial court found that Husk was still in need of involuntary hospitalization and remanded him to the custody of HRS until further order of the court.
Husk contends on appeal that the evidence was insufficient to support the trial court’s findings. We disagree.
The evidence clearly shows that Husk is still mentally ill and, because of his illness, is manifestly dangerous to himself or others. Section 916.15(1), Florida Statutes (1981).
He further contends that the trial court erred in appointing Doctors Sail and *990 Larson to conduct a psychiatric evaluation of him. However, this objection was not raised below, and he therefore may not raise it now. Williams v. State, 414 So.2d 509 (Fla.1982).
AFFIRMED.
SHIVERS and ZEHMER, JJ., concur.