443 So.2d 406 (1984)
Larry Donnell THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 83-531.
District Court of Appeal of Florida, Fourth District.
January 4, 1984.
*407 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Max Rudmann, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Judge.
Larry Donnell Thomas, charged with attempted sexual battery, was adjudged not guilty by reason of insanity on July 28, 1981 and was subsequently committed for observation and treatment. His most recent petition for release filed December 17, 1982 was denied by the trial court, occasioning these appellate proceedings. Although denominated an appeal, review by certiorari appears to be the more procedurally correct vehicle to bring up an order involving the conditional release program codified in Section 916.17, Florida Statutes (1981) and Rule 3.219 of the Florida Rules of Criminal Procedure. We treat appellant's application accordingly and deny the petition for writ of certiorari.
The order complained of provides:
ORDERED AND ADJUDGED that the Defendant's Motion for Conditional Release is hereby denied on the following basis:
1. The Department of Health & Rehabilitative Services has not complied with the statutory requirements regarding the preparation of an adequate plan for release as set forth in F.R.Cr.P. 3.219, F.S. 916.17, and in Thomas Hill v. State, 358 So.2d 190, (1978); in that the plan did not adequately address the following:
a. A supervised living arrangement for Mr. Thomas.
b. A system for monitoring the aftercare and follow-up of Mr. Thomas.
c. A plan in which Mr. Thomas might have an appropriate means of self-support.
2. Relying on the reports of the experts, the Department of Health and Rehabilitative Services, and primarily the evaluation conducted by the TASC Program, this Court finds that Mr. Thomas lacks appropriate insight into his problems, and therefore still presents a danger to himself and to society; and it is therefore further
ORDERED AND ADJUDGED as follows:
1. The Defendant is hereby recommitted to the Department of Health and Rehabilitative Services.
2. The Court hereby retains jurisdiction over this case, and Mr. Thomas shall not be released from the hospital without the prior consent of this Court.
3. The findings of this Court at this hearing are without prejudice, in that the Department of Health and Rehabilitative Services may refile a subsequent Motion for Conditional Release upon their compliance with the items enumerated in this order.
Petitioner contends that it has not been shown that if released he would be likely to injure himself or others and therefore he is entitled to an order of release. Reliance on the likely-to-injure standard analyzed in Hill v. State, 358 So.2d 190 (Fla. 1st DCA 1978) is no longer justified. The test laid down by Section 394.467, Florida Statutes (Supp. 1982) and Section 916.15, Florida Statutes (1981), and now applicable to a person acquitted of criminal charges by a finding of not guilty by reason of insanity, is whether he is "manifestly dangerous to himself or others." The trial court found that Thomas met this criteria and that finding is supported by the evidence.
Noting that either the Department of Health and Rehabilitative Services or petitioner himself are at liberty to propose to the trial court a plan of conditional release meeting the legitimate concerns expressed *408 in the order, we find no departure from the essential requirements of the law and decline to issue the writ.
CERTIORARI DENIED.
DOWNEY and BERANEK, JJ., concur.