767 So.2d 480 (2000)
Guy R. MANNARELLI, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-2030.
District Court of Appeal of Florida, Fourth District.
April 19, 2000.
*481 Patrick C. Rastatter of Glass & Rastatter, P.A., Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, J.
This is an appeal from an order involuntarily committing appellant to the Department of Children and Families after the trial court found him not guilty of murder by reason of insanity. Appellant challenges the commitment on the grounds that the order is facially defective and the record does not contain evidence of his present mental condition. We reject appellant's challenge to the sufficiency of the evidence but remand for the trial court to include specific factual findings supporting its conclusion that appellant is eligible for commitment.
After conducting an evidentiary hearing in which expert witnesses submitted oral testimony and written reports on the issue of whether appellant met the criteria for involuntary commitment pursuant to section 916.15(1), Florida Statutes (1997), the trial court entered an order stating simply that "the Defendant currently meets the criteria for commitment to the Department of Children and Families." Section 916.15(1) provides that a person may be involuntarily committed upon a finding that "the person is mentally ill and, because of the person's illness, is manifestly dangerous to himself or herself or others." The order committing the defendant must contain "(1) findings of fact relating to the issue of commitment ...; (2) copies of any reports of experts filed with the court; and (3) any other psychiatric, psychological, or social work report submitted to the court relative to the mental state of the defendant." Fla. R.Crim. P. 3.217(b).
The trial court correctly attached all of the appropriate reports and records to the order of commitment, and the record on appeal contains competent substantial evidence to support the finding that appellant meets the commitment criteria. However, the requirement that the trial court include findings of fact relating to the issue of commitment is mandatory. Accordingly, we remand for the trial court to include specific findings of fact in the order relating to the issue of commitment.
Affirmed, but remanded with directions.
DELL and STONE, JJ., concur.