POLEN, J.
Guy Mannarelli was found not guilty of first degree premeditated murder by reason of insanity and was subsequently committed to the Department of Children and Families. He appealed his order of commitment to this court, arguing the insufficiency of the evidence as well as the facial invalidity of the order. This court later rejected his challenge to the sufficiency of the evidence but remanded the cause to the trial court to include specific factual findings supporting its conclusion that Mannarelli was eligible for commitment. Mannarelli v. State, 767 So.2d 480 (Fla. 4th DCA 2000).
On March 13, 2000, while his appeal was pending, the trial court entered an ex parte order of continuing commitment after it received reports from South Florida Evaluation and Treatment Center that Mannarelli continued to meet the criteria for involuntary hospitalization. It is undisputed that no hearing was held before the court entered this order, and that neither Mannarelli nor his attorney received any notice of the court’s receipt of the reports. This appeal followed.
Mannarelli argues that, under Florida Rule of Criminal Procedure 3.218 and section 916.15, Florida Statutes (1997), he was entitled to notice and a hearing before the court entered the order of continuing commitment. Rule 3.218 provides, in pertinent part,
(a) Commitment; 6-Month Report.... No later than 6 months from the date of admission, the administrator of the facility shall file with the court a report, with copies to all parties, which shall address the issues of further commitment of the defendant....
*215 (b) Right to Hearing if Committed upon Acquittal. The court shall hold a hearing within 30 days of the receipt of any such report from the administrator of the facility on the issues raised thereby, and the defendant shall have a right to be present at the hearing....
Fla. R.Crim. P. 3.218. Section 916.15 provides, in pertinent part,
(2) Every defendant acquitted of criminal charges by reason of insanity and found to meet the criteria for hospitalization may be committed and treated in accordance with the provisions of this section and the applicable Florida Rules of Criminal Procedure. The department shall admit a defendant so adjudicated to an appropriate facility or program for treatment and shall retain and treat such defendant. No later than 6 months after the date of admission, prior to the end of any period of extended commitment, or at any time the administrator or designee shall have determined that the defendant no longer meets the criteria for continued commitment placement, the administrator or designee shall file a report with the court pursuant to the applicable Florida Rules of Criminal Procedure.
(3) In all proceedings under this subsection, both the defendant and the state shall have the right to a hearing before the committing court. Evidence at such hearing may be presented by the hospital administrator or the administrator’s designee as well as by the state and the defendant. The defendant shall have the right to counsel at any such hearing. ...
§ 916.15(2), (3), Fla. Stat. (1981) (emphasis supplied).
The state maintains that it was Mannar-elli’s burden to request a hearing once he learned of the order. It argues that his appeal is not ripe because instead of filing a direct appeal from the order he should have requested a hearing. We disagree. Both the rule and the statute mandated that the court conduct a hearing after it received the subject report. See Johnson v. Feder, 485 So.2d 409 (Fla.1986). As such, reversal is required.
REVERSED and REMANDED.
GUNTHER and STEVENSON, JJ., concur.