871 So.2d 974 (2004)
Abel TAVARES, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-2004.
District Court of Appeal of Florida, Fifth District.
April 8, 2004.
Rehearing Denied May 6, 2004.
*975 James B. Gibson, Public Defender, and Scott Ragan, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Judy Taylor Rush, Assistant Attorney General, Daytona Beach, for Appellee.
MONACO, J.
The primary issue presented in this case is whether the State or the defendant has the burden of proof in commitment hearings following a finding of not guilty of a crime by reason of insanity. We conclude that at the initial hearing following a trial at which the defendant is found not guilty by reason of insanity, the defendant bears that burden.
Abel Tavares was charged by information with arson of a dwelling. The defense timely filed a notice of intent to rely on the defense of insanity, and presented expert evidence at the trial that Mr. Tavares suffered from a still unstabilized combination of bipolar disorder and schizophrenia. The defense evidence indicated that Mr. Tavares had been severely mentally ill for about 25 years, and that he had been previously hospitalized at a mental health facility as a result of these conditions. His behavior included "decompensating," and being "paranoid, delusional [and] cautious." His doctor testified that "Tavares does not have the mental equipment to cope with his mental disorder nor the typical activities of daily living. Medicated or unmedicated." Moreover, the doctor testified that Mr. Tavares' condition worsened during the course of the three interviews that he conducted with him, and that his thinking is "likely to be disoriented ... confusing ... bizarre." The jury found Mr. Tavares not guilty by reason of insanity.
The trial court subsequently held a hearing pursuant to section 916.15, Florida Statutes (2003), and Rule 3.217, Florida Rule of Criminal Procedure. Mr. Tavares argued that he should be conditionally released and placed into an outpatient treatment program, while the State argued for involuntary commitment to an appropriate facility within the Department of Children and Family Services ("DCF"). The trial court agreed with the State and entered an order involuntarily committing Mr. Tavares to DCF. Mr. Tavares appeals the rendition of that order.
Following a verdict of not guilty by reason of insanity, a trial court can involuntarily commit a defendant for treatment by adhering to the requirements of *976 section 916.15, Florida Statutes (2003). Subsection (1) of that statute states in pertinent part:
A defendant who is acquitted of criminal charges because of a finding of not guilty by reason of insanity may be involuntarily committed pursuant to such finding if the defendant is mentally ill and, because of the illness, is manifestly dangerous to himself or herself or others.
See also Wisniewski v. State, 805 So.2d 901 (Fla. 2d DCA 2001). The trial court, thus, has the initial responsibility to determine if a defendant is (1) mentally ill, and (2) because of the illness, "manifestly dangerous to himself or herself or others." If the defendant satisfies these criteria, then the judge is to commit the defendant to DCF. See Fla. R.Crim. P. 3.217(b). If the defendant does not meet these criteria, then the court must determine whether to discharge the defendant, or order the defendant to outpatient treatment at a specific appropriate facility. See Addington v. Texas, 441 U.S. 418, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979); State v. Vigil, 410 So.2d 528, 530 (Fla. 2d DCA 1982); see also § 916.15, Fla. Stat. (2003). In making these decisions it is appropriate for the trial court to consider, among other things, the evidence obtained at trial and prior reports of psychologists, as well as any relevant evidence presented at the commitment hearing. See Vigil, 410 So.2d at 530.
At the commitment proceeding in the present case the State chose not to present any new evidence, but instead relied only on the testimony adduced at trial, as well as the written psychological reports that predated the trial. In addition to testifying himself, Mr. Tavares presented testimony of the mother of his girlfriend, and from an employee of an organization called "Circles of Care," (which is apparently housed in the forensic department of the Brevard County jail), suggesting that he was no longer dangerous to himself or others. Mr. Tavares argued for a conditional release in accordance with section 916.17, Florida Statutes (2003). The trial court, however, decided to commit Mr. Tavares to DCF on the strength of the trial testimony and reports.
Mr. Tavares takes the position that the burden to demonstrate that he fits the section 916.15 criteria should fall on the State. He points out that in Baker Act[1] proceedings, for example, the state bears the burden of proving by clear and convincing evidence that the statutory criteria for commitment are met. See Boller v. State, 775 So.2d 408 (Fla. 1st DCA 2000). Under the theory advocated by Mr. Tavares, he should not be committed because the State failed to produce any evidence demonstrating that he was, as of the date of the commitment hearing (as opposed to the date of the crime), a danger to himself or others. The State disagrees, and points to Hill v. State, 358 So.2d 190 (Fla. 1st DCA 1978), for support. Neither the statute, nor the rule address the issue. We, however, agree with the State.
In Addington v. Texas, supra, the United States Supreme Court held that to civilly commit a person for mental health reasons, the State is required by due process to prove by clear and convincing evidence the two fundamental preconditions to commitment: that the person being committed is mentally ill, and is a danger to himself or others. The Supreme Court later held in Jones v. United States, 463 U.S. 354, 103 S.Ct. 3043, 77 L.Ed.2d 694 (1983), however, that if a person is found not guilty by reason of insanity, that person may be committed without satisfying the Addington requirements. The Jones *977 court noted that such a verdict, "establishes two facts: (i) the defendant committed an act that constitutes a criminal offense, and (ii) he committed the act because of mental illness." Jones, 463 U.S. at 363, 103 S.Ct. 3043. Still later in Foucha v. Louisiana, 504 U.S. 71, 75-76, 112 S.Ct. 1780, 118 L.Ed.2d 437 (1992),[2] the high court noted that, "From these two facts, it could be properly inferred that at the time of the verdict, the defendant was still mentally ill and dangerous and hence could be committed." Accordingly, an automatic commitment without a prior hearing of an insanity acquittee does not violate the Due Process Clause, provided the person's commitment is subject to periodic reviews. Jones.
If we can infer from the verdict of not guilty by reason of insanity that the defendant is still mentally ill, and is still a danger to himself or herself or others, then we can reason that the State at a post-trial commitment hearing is relieved of its usual burden of initially demonstrating those facts, provided that the commitment hearing is reasonably close in time to the trial and crime. If nothing is presented by the acquittee, the trial court may commit that person to the custody of DCF. Thus, the burden of proof is logically placed on the acquittee at the initial commitment hearing.
Indeed, this is a conclusion similar to one reached in 1978 by the First District Court of Appeal in Hill, supra, before it had the benefit of the United States Supreme Court decisions cited above. Mr. Hill was found not guilty by reason of insanity and was committed to a state hospital immediately after trial. He later sought conditional release. Obviously, we are not dealing now with the precise situation that was before the Hill court. Nevertheless, one holding in Hill is instructive:
But the burden of proof, in the sense of a risk of nonpersuasion, is on the acquittee. It is he who asserts that conditions have changed; it should be presumed, in the absence of countervailing evidence, that the condition which justified the original hospitalization order has continued (citations omitted); and there is general agreement that one who asserted his mental irresponsibility for a crime, winning hospitalization instead of jail or worse, should bear the burden of proving grounds for release.
We, of course, do not mean to infer by our ruling that all persons who are acquitted of a crime by reason of insanity are to be automatically committed to DCF. An involuntary commitment of a defendant acquitted of a crime by reason of insanity is not imposed as a punishment. Rather, the trial court must be satisfied in order to do so that the criteria enunciated in section 916.15 are first met. We mean only to say that at the outset it is the obligation of the acquittee to demonstrate that the conditions that led to his acquittal have changed, and that he is either no longer mentally ill, or that he is no longer a danger to himself or others. As always, we rely on trial judges to make the initial determination regarding whether commitment or some less restrictive alternative is appropriate.
In the present case there was ample evidence from which the trial court could conclude that Mr. Tavares met the criteria for commitment, and we affirm that determination. Mr. Tavares argues, however, that the trial court failed to comply *978 with Rule 3.217(b), Florida Rule of Criminal Procedure, because it did not enter an order containing "findings of fact relating to the issue of commitment or other court ordered treatment." We agree with Mr. Tavares in this regard.
The commitment order in the present case fails to include findings of fact, and simply indicates that Mr. Tavares is mentally ill, and because of the illness, was a manifest danger to himself or others. The order is, therefore, deficient. See Wisniewski v. State, 805 So.2d 901 (Fla. 2d DCA 2001); Mannarelli v. State, 767 So.2d 480 (Fla. 4th DCA 2000). Accordingly, we remand for the trial court to include specific findings of fact in the commitment order.
While there are other issues raised by Mr. Tavares, our review reflects no other error committed by the trial court.
AFFIRMED, but REMANDED with instructions.
PETERSON and THOMPSON, JJ., concur.
NOTES
[1] Section 394.451, et seq., Fla. Stat. (2003).
[2] The Foucha court held that a Louisiana statute allowing continued confinement of an insanity acquittee on the basis of his mental illness, despite the determination of a hospital review committee that there was no evidence of mental illness, violated due process.