969 So.2d 408 (2007)
Trevor WOODS, Petitioner,
v.
STATE of Florida, Respondent.
No. 1D07-1135.
District Court of Appeal of Florida, First District.
October 24, 2007.
*409 William Kemper Jennings, DeFuniak Springs, for Petitioner.
Bill McCollum, Attorney General, Charlie McCoy, Senior Assistant Attorney General, and Susan A. Maher, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Respondent.
PER CURIAM.
Petitioner appeals the trial court's order continuing his involuntary commitment after he had been found not guilty of attempted murder by reason of insanity. We treat the appeal of the order as a petition for writ of certiorari, see Mosher v. State, 876 So.2d 1230 (Fla. 1st DCA 2004); Patton v. State, 712 So.2d 1206 (Fla. 1st DCA 1998); Thomas v. State, 443 So.2d 406 (Fla. 4th DCA 1984), grant the petition, quash the trial court's order, and remand for further proceedings.

Background
On July 25, 2002, an information was filed charging the petitioner with attempted first-degree murder. On June 12, 2003, the trial court entered an order finding the petitioner not guilty by reason of insanity and ordering his commitment to the Department of Children and Family Services pursuant to section 916.15, Florida Statutes, for treatment in a mental health facility. The proceedings below were commenced upon the filing of a letter by the attorney for the Florida State Hospital indicating that, according to the hospital staff, the petitioner no longer met the criteria for involuntary commitment. Attached to the letter was a clinical analysis, a proposed conditional release plan, and an agreement by the petitioner to conform to all the requirements of the conditional release plan. Also attached was an agreement of Bridgeway Center, Inc., stating that it would provide mental health services to petitioner upon his conditional release.
On February 1, 2007, a hearing on the conditional release plan was held pursuant to Florida Rule of Criminal Procedure 3.218(b). The state objected to the petitioner's release because it believed the petitioner was still a threat. The state requested that if the petitioner was to be released, that the court order him to wear *410 a GPS monitoring device. The trial court noted its preference for the petitioner to be monitored electronically if released. Ultimately, the Court stated: "Until I get something further that would just convince this court that the safeguards are in place to protect the community, at this time the request for the conditional release will be denied." On February 7, 2007, the trial court issued an order finding that the petitioner continues to meet the criteria for continued commitment under the supervision of DCF. This appeal followed.

Analysis
The petitioner argues that the trial court's order was deficient because the trial court did not make any factual findings regarding whether the petitioner was a manifest danger to himself or others. According to section 916.15(2):
A defendant who is acquitted of criminal charges because of a finding of not guilty by reason of insanity may be involuntarily committed pursuant to such finding if the defendant has a mental illness and, because of the illness, is manifestly dangerous to himself or herself or others.

§ 916.15(2), Fla. Stat. (2006) (emphasis added). Thus, for commitment to be continued pursuant to section 916.15, the court must find that the defendant is mentally ill and is manifestly dangerous to himself or to others. See Wisniewski v. State, 805 So.2d 901 (Fla. 2d DCA 2001). In the instant case, the trial court did not find that the petitioner was manifestly dangerous to himself or others and failed to include findings of fact on which such a conclusion could have been based. The court merely made the conclusory finding that the petitioner "continues to meet the criteria for his continued commitment under the supervision of the Department of Children and Families." Because the trial court failed to include findings of fact in its commitment order relevant to the issue of whether a defendant is manifestly dangerous to himself or others, the order is facially deficient. See Wisniewski, 805 So.2d at 901 (remanding for the trial court to issue a new order including statutorily required findings); Tavares v. State, 871 So.2d 974 (Fla. 5th DCA 2004); see also Fla. R.Crim. P. 3.217(b)(1) (stating that order committing defendant after acquittal by reason of insanity must contain findings of fact relating to issue of commitment).
The trial court departed from the essential requirements of law by failing to make the required findings. Courts have held that in light of the liberty interests at stake, a trial court departs from the essential requirements of law when it fails to make the required statutory findings to involuntarily commit a child under section 985.223(3).[1]D.H. v. State, 952 So.2d 603 (Fla. 1st DCA 2007); M.H. v. State, 901 So.2d 197 (Fla. 4th DCA 2005). Similarly, because of the liberty interests at stake in this case, we hold that when a trial court fails to make the statutory findings necessary to continue involuntary commitment after a defendant has been found not guilty by reason of insanity under section 916.15, it has departed from the essential requirements of law.

Conclusion
For the foregoing reasons, the appeal is treated as a petition for writ of certiorari, the petition is GRANTED, the order continuing commitment is QUASHED, and the cause is REMANDED for further proceedings. We express no opinion as to whether competent, substantial evidence *411 supports the petitioner's continued commitment.
WOLF, POLSTON, and THOMAS, JJ., concur.
NOTES
[1] In 2006 the section was renumbered as 985.19 by Chapter 2006-120, § 30, Laws of Florida. That statute lays out the findings required to involuntarily commit a child found to be incompetent.