CRENSHAW, Judge.
Yusef Furqan petitions this court for certiorari review of a September 28, 2010, circuit court order continuing his involuntary commitment pursuant to section 916.15(2), Florida Statutes (2010). Furqan argues that the order is facially insufficient because it fails to provide any findings that he has a mental illness and, as a result of that illness, is manifestly dangerous to himself or others. The State concedes that the order is facially insufficient. Because we find that the order fails to include the requisite findings under section 916.15(2), we grant the petition, quash the order, and remand for further proceedings.[1]
Under section 916.15(2), “[a] defendant who is acquitted of criminal charges because of a finding of not guilty by reason of insanity may be involuntarily committed pursuant to such finding if the defendant has a mental illness and, because of the illness, is manifestly dangerous to himself or herself or others.” In this instance, the circuit court examined whether Furqan was mentally ill and manifestly dangerous during the status hearing yet failed to make explicit findings as to either of these factors in its order of commitment. Hence, the order was deficient and result *97 ed in a departure from the essential requirements of law. See Fla. R.Crim. P. 3.217(b)(1); Wisniewski v. State, 805 So.2d 901, 901 (Fla. 2d DCA 2001); Woods v. State, 969 So.2d 408, 410 (Fla. 1st DCA 2007). Accordingly, we grant Furqan’s petition and quash the order continuing his involuntary commitment.
Petition granted, order quashed, and remanded for further proceedings.
CASANUEVA, C.J., and VILLANTI, J., Concur.

. Furqan also argues that the evidence presented at the hearing was insufficient to support the circuit court’s findings. Because we are remanding for further proceedings based on the facial insufficiency of the circuit court’s order, we express no opinion as to whether the evidence presented supported Furqan's commitment. See Woods v. State, 969 So.2d 408, 410-11 (Fla. 1st DCA 2007).