ALTENBERND, Judge.
Yusef Furqan petitions this court for a writ of certiorari concerning an order entered in June 2011, which continued his involuntary commitment to the Department of Children and Family Services (DCF). We deny his petition.[1] The circuit court did not depart from the essential requirements of the law in failing to address whether a conditional release order was appropriate under the circumstances of this case. Furthermore, it correctly decided that it did not have the authority to direct the DCF to place Mr. Furqan in any particular facility. See Dep’t of Children & Families v. Harter, 861 So.2d 1274, 1275 (Fla. 5th DCA 2003).
In 2008, the State charged Mr. Furqan with criminal offenses in Pinellas County. The State and Mr. Furqan stipulated to an adjudication of not guilty by reason of insanity. He was committed to the DCF for inpatient treatment with continuing jurisdiction by the circuit court in Pinellas County. See Fla. R.Crim. P. 3.217(b). Sections 916.15-.17, Florida Statutes (2008), provide the statutory law governing such continuing jurisdiction.
In an earlier certiorari proceeding, this court ordered the circuit court to make explicit findings to justify Mr. Furqaris continued commitment. See Furqan v. State, 56 So.3d 96 (Fla. 2d DCA 2011). The circuit court cured that deficiency. In *915 the order challenged in this proceeding, the circuit court found that Mr. Furqan continues to meet the criteria for involuntary commitment and ordered that he remain in the DCF’s custody for a period not to exceed one year. Furqan does not challenge the circuit court’s finding that he continues to meet the criteria for involuntary commitment.
The proceedings leading to the entry of the June 2011 order at issue in this appeal appear to have been prompted by a letter from the administrator of Treasure Coast Forensic Treatment Center recommending that Mr. Furqan be discharged from the facility and returned to criminal probationary supervision for an offense or offenses arising out of Seminole County. This recommendation included a suggestion that he reside at Christopher’s House, which Treasure Coast identified as a “sober house” and the circuit court identified as a “residential treatment facility.” The circuit court in Pinellas County determined that it did not have jurisdiction to order placement in a particular facility but that it did have jurisdiction to determine whether Mr. Furqan should continue to be involuntarily committed.
Mr. Furqan argues that the court departed from the essential requirements of the law “when it entered an order that was tantamount to finding that it lacked jurisdiction to order that Furqan be placed on conditional release.” We conclude that the order simply does not contain such a ruling. The letter from Treasure Coast, which was the catalyst for the underlying proceeding, does not expressly mention conditional release and it does not contain a fully-formed release plan as that plan is described in Florida Rule of Criminal Procedure 3.219 and section 916.17(1), Florida Statutes (2010). This omission appears to have been purposeful.
At a hearing on this matter, a witness from Treasure Coast made it clear that Treasure Coast rejected conditional release as an option. The proposed placement at Christopher’s House was recommended by Treasure Coast under a “plan” to be monitored by the Seminole County Circuit Court via a criminal probation order as opposed to a “plan” to be monitored by the Pinellas County Circuit Court via a conditional release order. The testimony and discourse with the judge at this hearing made it clear that without some additional supervisory constraint, Mr. Furqan would be free to leave Christopher’s House. But the probationary component of the proposed “plan,” which was critical to ensuring that he would be adequately supervised, had not been arranged and it was theoretical at best. Mr. Furqan’s attorney suggested that the circuit court conditionally release him, modifying Treasure Coast’s proposed “plan” in some un-described manner that would make the court more comfortable. The circuit court continued the hearing to afford Mr. Furqan’s attorney an opportunity to further pursue this suggestion.
When the hearing resumed, Furqan’s attorney acknowledged that no hearings had been conducted by the sentencing judge in the Seminole County proceeding to make a determination about the appropriateness of placing Mr. Furqan at Christopher’s House and whether that court would agree to such a placement as part of his probation. Neither Mr. Furqan nor Treasure Coast proposed a viable, fully-formed alternative option that adequately addressed the additional supervisory component of a conditional release plan.
Petition for writ of certiorari denied.
WHATLEY and KELLY, JJ„ Concur.

. We recognize that some cases similar to the present case have been reviewed as a direct appeal while others have been reviewed by certiorari. Compare Furqan v. State, 56 So.3d 96 (Fla. 2d DCA 2011) (reviewing as petition for writ of certiorari prior proceeding in case number 2D 10-5180 and granting petition based on facial insufficiency of the order continuing involuntary commitment) (Fla. 2d DCA 2011), Woods v. State, 969 So.2d 408 (Fla. 1st DCA 2007) (converting appeal to a petition for writ of certiorari for review of an order continuing involuntary commitment of a defendant adjudicated not guilty by reason of insanity and granting petition based on facial insufficiency of the order), and Thomas v. State, 443 So.2d 406 (Fla. 4th DCA 1984) (converting appeal to certiorari proceeding for review of an order denying a motion for conditional release of a defendant involuntarily committed after being adjudicated not guilty by reason of insanity and denying cer-tiorari relief), with Wisniewski v. State, 805 So.2d 901 (Fla. 2d DCA 2001) (reviewing as direct appeal an order continuing involuntary commitment of a defendant adjudicated not guilty by reason of insanity), Boclair v. State, 524 So.2d 467, 468-69 (Fla. 1st DCA 1988) (reviewing as direct appeal an order continuing involuntary commitment and reversing and remanding for further proceedings on the practicability of conditional release where insanity acquittee no longer met the criteria for involuntary hospitalization), and Husk v. State, 438 So.2d 989 (Fla. 1st DCA 1983) (reviewing as direct appeal and affirming an order finding that insanity acquittee needed further involuntary hospitalization despite Department of Health and Rehabilitative Services’ report that acquittee no longer met the criteria for involuntary hospitalization).
In this case, we conclude that the outcome would be the, same whether it was treated as an appeal or a certiorari proceeding. The liberty interest involved in this type of proceeding may warrant a standard of review less deferential than “departure from the essential requirements of the law.” In theory, a certiorari proceeding can be processed more rapidly than an appeal, although that has not been true in this case. We would suggest that the appellate rules committee examine whether a special procedure would be appropriate for this type of commitment proceeding.