MAY, J.
The defendant petitions for certiorari review of a circuit court order that denied his request to terminate conditional release. We grant the petition in part.
The State charged the defendant with aggravated stalking, and, in a separate case, causing another’s phone to ring repeatedly. On February 7, 2012, he was adjudicated not guilty by reason of insanity in the stalking case, and the circuit court entered a conditional release order. The following day, the circuit court adjudicated the defendant not guilty by reason of insanity for the phone charge, and entered a conditional release order. The case was *443 transferred to the mental health division for monitoring.
The defendant was ordered to court monitored mental health treatment with a specific treatment provider. His case manager subsequently submitted a letter to the court on November 14, 2012, stating that the defendant no longer needed case management services. The defendant requested an evaluation by a psychologist, who concluded that he did not require further treatment services. A psychiatric evaluation concluded that the defendant was no longer in need of treatment for mental illness and was in full remission.
The defendant requested termination from conditional release in both cases. After a hearing on January 30, 2013, the court denied the request. From this order, the defendant has petitioned this court.
We review challenges to conditional release by a petition for writ of certiorari. See Thomas v. State, 443 So.2d 406 (Fla. 4th DCA 1984).
In his petition, the defendant argues the circuit court is required to terminate jurisdiction when it is determined, after a hearing, that a defendant no longer requires supervised followup care. See Fla. R. Crim. P. 3.219(c); see also § 916.17(3), Fla. Stat. (2013). He argues that he presented the court with substantial, competent, and unrefuted evidence that he no longer needs treatment through the case manager’s letter and testimony, and the evaluations of two doctors. The defendant argues that the order results in irreparable harm because the continued treatment schedule and status conferences result in a loss of income.
The State responds that one of the doctors opined the defendant suffers from bipolar disorder and that he and his wife should be required to obtain further education about the illness. That doctor also recommended that the defendant have an established relationship with a psychiatrist to provide him with medication in the event the symptoms recur. The State argues that because the defendant had not established such a relationship and had not undertaken further education, the motion to terminate was properly denied.
We have reviewed the petition, response, and appendix. We grant the petition in part. Section 916.17(3), Florida Statutes (2012), specifically provides:
If at any time it is determined after a hearing that the defendant who has been conditionally released under subsection (1) no longer requires court-supervised followup care, the court shall terminate its jurisdiction in the cause and discharge the defendant.
While we agree that the doctors and case manager from the treatment program recommended that the originally ordered treatment is no longer necessary, both doctors made recommendations for the defendant’s future. The psychiatrist recommended that both the defendant and his wife receive education on bipolar disorder, and that the defendant establish a relationship with a psychiatrist for followup and to provide medication in the event of early signs and symptoms. The psychologist spoke in terms of reducing or terminating the existing conditions. These recommendations will hopefully provide insight into recognizing any potential red flags or early warning signs to decrease the likelihood of any future episodes.
Here, there is no doubt that the same level of care initially ordered as part of the conditional release is no longer needed. However, judicial supervision is also part of conditional release. The trial court could require the defendant to secure the services of a psychiatrist to whom he can turn as recommended if the symptoms re *444 cur and continue status conferences to insure a successful transition from conditional release.
For this reason, we grant the petition in part. The circuit court may continue the conditional release; however, the order must be modified to delete the formerly required treatment and incorporate the recommendations of the experts in the field. The petition is granted in part and the case remanded to the circuit court to modify the requirements of conditional release as recommended.

Petition granted in part.

GROSS and TAYLOR, JJ., concur.