IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

DANIEL KELLOND,

      Petitioner,

v.

STATE OF FLORIDA,

      Respondent.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-700

Opinion filed December 8, 2016.

Petition for Writ of Certiorari – Original Jurisdiction.

Crystal McBee Frusciante, Sunrise, Florida, for Petitioner.

Pamela Jo Bondi, Attorney General, and Samuel B. Steinberg, Assistant Attorney General, for Respondent.

PER CURIAM.

      Petitioner seeks certiorari review of the trial court's order continuing his involuntary commitment after being found not guilty of attempted murder by reason of insanity. He argues that the order of commitment was facially deficient and a departure from the essential requirements of law because it failed to make specific findings that Petitioner had "a mental illness and, because of the illness, is manifestly

dangerous to himself or herself or others." § 916.15(2), Fla. Stat. (2015).[1] We agree.

"[F]or commitment to be continued pursuant to section 916.15, the court must find that the defendant is mentally ill and is manifestly dangerous to himself or to others." Woods v. State, 969 So. 2d 408, 410 (Fla. 1st DCA 2007). Failure to make written findings relevant to this determination renders the order facially deficient, constituting a departure from the essential requirements of law. Id.; see also Wisniewski v. State, 805 So. 2d 901 (Fla. 2d DCA 2001). Here, the trial court entered a facially deficient order because it "merely made the conclusory finding that the petitioner 'continues to meet the criteria for his continued commitment under the supervision of the Department of Children and Families.'" Woods, 969 So. 2d at 410.

Accordingly, we GRANT the petition, QUASH the order continuing commitment, and REMAND for further proceedings consistent with this opinion.

B.L. THOMAS, RAY, and OSTERHAUS, JJ., CONCUR.

---

[1] Petitioner also challenges the sufficiency of the evidence presented at the hearing. Because we conclude that the order is facially deficient, we express no opinion as to whether the evidence supported the trial court's ultimate conclusion that Petitioner continued to meet the requirements for involuntary commitment. See Furqan v. State, 56 So. 3d 96, 96 n.1 (Fla. 2d DCA 2011).