# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-2623
LT Case No. 2024-CF-006046
_____

D.L.D.,

Petitioner,

v.

STATE OF FLORIDA,

Respondent.

_____

Petition for Certiorari Review of Order from the Circuit Court for Duval County.
Tatiana R. Salvador, Judge.

Charlie Cofer, Public Defender, and Elizabeth Hogan Webb, Assistant Public Defender, Jacksonville, for Petitioner.

Ashley Moody, Attorney General, and Trisha Meggs Pate, Assistant Attorney General, Tallahassee, for Respondent.

December 3, 2024

PER CURIAM.

The trial court adjudicated Petitioner incompetent to proceed with a criminal prosecution and involuntarily committed her to the Department of Children and Families for psychiatric treatment. Petitioner seeks certiorari relief from the involuntary commitment portion of the court's ruling. We grant the petition.

A certiorari petitioner must show that the trial court's order is "(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case, (3) that cannot be corrected on postjudgment appeal." *Dep't of Child. & Fams. v. Kirshner*, 380 So. 3d 502, 504 (Fla. 5th DCA 2024) (quoting *Williams v. Oken*, 62 So. 3d 1129, 1132 (Fla. 2011)). "As a general rule, certiorari is the proper vehicle for seeking this court's review of orders committing an individual involuntarily." *Id.* at 503–04 (quoting *Dep't of Child. & Fams. v. Despaigne*, 348 So. 3d 1221, 1222 (Fla. 5th DCA 2022)).

Under certain circumstances, a court may involuntarily commit a defendant who is charged with a felony but is adjudicated incompetent to go to trial. *See* § 916.13(1), Fla. Stat. (2024). *Inter alia*, the court must find by clear and convincing evidence that:

> (a) The defendant has a mental illness and because of the mental illness:
>
> 1. The defendant is manifestly incapable of surviving alone or with the help of willing and responsible family or friends, including available alternative services, and, without treatment, the defendant is likely to suffer from neglect or refuse to care for herself or himself and such neglect or refusal poses a real and present threat of substantial harm to the defendant's well-being; or
>
> 2. There is a substantial likelihood that in the near future the defendant will inflict serious bodily harm on herself or himself or another person, as evidenced by recent behavior causing, attempting, or threatening such harm[.]

§ 916.13(1)(a), Fla. Stat.

These findings "must be based on experts' opinions because they involve the diagnosis and treatment of mental illness." *Dep't of Child. & Fams. v. Lotton*, 172 So. 3d 983, 987–88 (Fla. 5th DCA 2015). The court must make them in a written order. *See* Fla. R.

Crim. P. 3.212(c)(4). Failing to make the required written findings in an involuntary commitment order "renders the order facially deficient, constituting a departure from the essential requirements of law." *See Kellond v. State*, 206 So. 3d 138, 139 (Fla. 1st DCA 2016).

Here, the court wrote that Petitioner "meets the criteria for commitment to a treatment facility of the Department of Children and Family Services as provided in section 916.13(1), Florida Statutes, for psychiatric stabilization and restoration of competency related abilities." The court explained that based on Petitioner's court appearances, Petitioner "is clearly delusional and reports irrational beliefs and opinions." The court noted that Petitioner's counsel advised that Petitioner "has no family or friends in Jacksonville, who could assist [Petitioner] in her care and treatment," and that Petitioner has no place to live in the area.[1]

These statements fall short of making the specific findings mandated by section 916.13(1), which "renders the order facially deficient." *See Kellond*, 206 So. 3d at 139. Accordingly, we grant the petition and quash Petitioner's involuntary commitment. On remand, the court may involuntarily commit Petitioner by entering an order that comports with section 916.13(1).[2]

PETITION GRANTED, ORDER QUASHED in part, and REMANDED.

EDWARDS, C.J., and LAMBERT and JAY, JJ., concur.

---

[1] The court first made these statements in its order adjudicating Petitioner incompetent to proceed and involuntarily committing her to the Department of Children and Families. The court repeated them in a later order that postponed Petitioner's competency review hearing and reiterated Petitioner's involuntary commitment.

[2] Petitioner also argues that the evidence does not support involuntary commitment. "Because we conclude that the order is facially deficient, we express no opinion" on this point. *See Kellond*, 206 So. 3d at 139 n.1.

3

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____