69 So.2d 653 (1954)
SNEED
v.
MAYO.
Supreme Court of Florida, Division A.
January 15, 1954.
Bill Sneed, petitioner, in pro. per.
Richard W. Ervin, Atty. Gen. and Bart L. Cohen, Asst. Atty. Gen., for respondent.
SEBRING, Justice.
This is the second appearance of this matter in this Court. Upon its first appearance here the petitioner represented to this Court as the basis for the issuance of a writ of habeas corpus to review the legality of his detention that he had been charged in the Criminal Court of Record of Palm Beach County with the crime of breaking and entering with intent to commit a felony; that prior to, and at the time of, trial he requested that the case be tried by a trial jury and that counsel be appointed to assist him in his defense; that despite his request and over his objection he was forced to trial before the court without a jury and without the assistance of counsel, although by reason of immaturity, ignorance and lack of education he was unable competently to waive the right to trial by jury or conduct his own defense; and that at the conclusion of the trial held in this manner he was found guilty of the offense *654 charged and sentenced to 5 years imprisonment at hard labor at the State Prison Farm. See Sneed v. Mayo, Fla., 66 So.2d 865.
Upon the showing thus made in the sworn petition this Court issued the writ of habeas corpus and required the Custodian of the State Prison Farm to answer. Upon the issues made by the pleadings the Court entered an order referring the matter to a circuit judge as a commissioner of this Court to take testimony on the issues tendered and to report to this Court his findings of fact and conclusions of law thereon.
Pursuant to this order a hearing was held, at the conclusion of which the circuit judge made the following findings of fact and conclusions of law upon the evidence submitted:
"1. That the testimony given on the habeas corpus hearing before the undersigned, shows that the Assistant County Solicitor did in open court inquire from the petitioner whether the petitioner desired a trial before the court or a trial before the court without a jury, to which the petitioner replied that he did not wish to be tried by the jury, but did want to be tried by the court.
"2. That petitioner was never advised he was entitled to a jury trial unless he waived one.
"3. That the petitioner did not ask for counsel at the trial, or ask for a jury trial.
"4. That the petitioner did not object to going to trial without counsel or before the Court.
"5. That the petitioner is a person of sufficient maturity, mentality, experience and understanding to make an intelligent waiver, or to represent himself at the trial in an adequate fashion.
"6. That petitioner was never forced to trial without a lawyer."
Based upon these findings of fact the circuit judge arrived at the following conclusions of law:
"1. That the testimony on the habeas corpus hearing before this court cannot be utilized to supply deficiencies, if any, in the record of the trial of the petitioner in the Criminal Court of Record.
"2. That a waiver of a jury trial by a defendant should be in open court and in writing as required by FS 912.01 [F.S.A.], or the record should clearly show  especially concerning one without counsel, a substantial compliance with the Statute to establish a lawful waiver.
"3. That, as the petitioner never waived a jury trial either in parol or in writing, the judgment of conviction entered in the Criminal Court of Record should be reversed, and the cause remanded for further proceedings."
The matter is now before the court for final disposition.
The purpose of a habeas corpus proceeding is to inquire into the legality of the petitioner's present detention. Sneed v. Mayo, Fla., 66 So.2d 865, and cases cited. In the instant case the petitioner charged that he was being illegally detained under a judgment that was void because of the fact that in the trial in which the judgment was rendered he was tried without the assistance of counsel, and without a jury, over his objection, when he was not legally competent to make an intelligent waiver.
We construe the eminent commissioner's final conclusion to be that, while the petitioner did in fact request trial by the court, the failure to obtain a waiver of record as required by section 912.01, Florida Statutes 1951, F.S.A., requires reversal. It cannot be denied that all the procedural steps necessary to constitute due process were not affirmatively reflected by the original transcript of the proceedings in the trial below. It was this fact, coupled with the affirmative statements of the petitioner under oath that he was young, indigent and ignorant, that impelled this Court to conclude that a sufficient predicate had been laid to entitle the petitioner to a writ *655 of habeas corpus in the first instance. But inasmuch as the purpose of this habeas corpus proceeding is to inquire into the legality of the detention of the prisoner under the judgment and sentence in the cause, the inquiry upon the questions tendered by the petition should be directed to the determination, not of whether the fact of due process does or does not affirmatively appear by the record, but whether in truth and in fact due process was actually observed in the course of the trial proceedings.
The evidence before the Commissioner in this case overwhelmingly supports his findings of fact that petitioner was of sufficient mentality, intelligence and competency to waive his right to trial by jury and to dispense with the aid of counsel. The evidence is that he did in fact do so, and requested the court to try him without a jury.
While the failure of the trial court to comply with section 912.01, Florida Statutes 1951, F.S.A., as to the manner in which a waiver of a jury trial should be made and recorded, will give just cause for complaint when the issue is timely raised, it does not ipso facto amount to a failure to observe the constitutional requirements of due process.
We conclude therefore that upon the limited issues presented in this habeas corpus proceeding, namely, the legality of the detention of the petitioner, the petitioner has failed to show by evidence adduced at the hearing upon the merits that the proceedings upon which the judgment and sentence were rendered were void as being in violation of fundamental law and justice. Accordingly, this habeas corpus proceeding should be dismissed and the petitioner should be remanded to custody to serve out the remainder of his sentence under the challenged judgment unless sooner discharged in accordance with law.
It is so ordered.
ROBERTS, C.J., and TERRELL and MATHEWS, JJ., concur.