546 So.2d 436 (1989)
Greg LEE, Appellant,
v.
STATE of Florida, Appellee.
No. 89-879.
District Court of Appeal of Florida, Fifth District.
June 28, 1989.
James Russo, Public Defender, and Russell F. McLatchey, Asst. Public Defender, Sanford, for appellant.
Robert A. Butterworth, Atty. Gen., and Erin Lydia McLaughlin, Asst. Atty. Gen., Tallahassee, for appellee.
DANIEL, Judge.
Petitioner Greg Lee alleges that he is being held illegally pursuant to an order of commitment for involuntary treatment for alcoholism and seeks a writ of habeas corpus directing his immediate discharge.[1] Having reviewed the petition and the state's response, we agree that the petitioner is entitled to immediate discharge since his commitment failed to meet the statutory requirements.
The Comprehensive Alcoholism Prevention, Control, and Treatment Act, specifically requires that a petition for involuntary treatment for alcoholism must be accompanied by a certificate of a licensed physician who has examined the person in question within two days and that at the commitment hearing, the court must hear the testimony of a physician, either in person or by affidavit.[2] According to the petition and the state's response neither provision was met in this case. The trial court nonetheless ordered petitioner's commitment, concluding that the intent of the Act was fulfilled by the examination of petitioner by a certified alcoholism counselor more *437 than a month prior to the filing of the petition and by the evaluation of a psychotherapist.
Statutes which authorize the deprivation of an individual's liberty must be strictly construed. Contrary to the trial judge's conclusion in this case, the requirements of the Act are not ambiguous and the intent of the legislature is clear. The Act expressly defines a physician as a doctor of medicine or osteopathic medicine.[3] The omission of any reference to a psychotherapist implies a clear intent to require that the authorized evaluation be made only by a physician.[4]
The petition for involuntary commitment alleges that petitioner refused to submit to a medical examination. This does not leave the trial judge without recourse, however. The Act specifically provides that a person who refuses evaluation must be afforded an opportunity to consent to examination by a court-appointed physician and if he again refuses, and the court finds sufficient evidence to believe the allegations of the petition are true, then the court may enter a preliminary order committing the person to a treatment center for a period of no more than 5 days for the purpose of evaluation.[5] Such a temporary commitment could have been ordered in this case and would have avoided the delay and expense of this proceeding. Although the allegations of the involuntary commitment petition indicate that the petitioner may be a danger to himself and others, the legal requirements of the Act cannot be ignored. The petition for writ of habeas corpus is granted and the petitioner shall be discharged forthwith.[6]
PETITION GRANTED.
COBB and GOSHORN, JJ., concur.
NOTES
[1] This case was initiated by a notice of appeal, with the petition for writ of habeas corpus filed after petitioner was physically committed.
[2] § 396.102(1), (3), Fla. Stats. (1987)
[3] § 396.032(7), Fla. Stat. (1987)
[4] Expressio unius est exclusio alterius: the mention of one thing implies the exclusion of another.
[5] § 396.102(3), Fla. Stat. (1987)
[6] Nothing herein prevents the refiling of the petition, following correct procedure, should it become necessary.