W. SHARP, Judge.
MacNeil petitions this court for the issuance of a writ of habeas corpus seeking his release from the custody of the Department of Health and Rehabilitative Services. He argues that he has been improperly involuntarily committed pursuant to section 916.13, Florida Statutes (1989), after being adjudicated incompetent to proceed under Rule 3.210. We agree and quash the order placing him in the custody of HRS.
Initially, respondent HRS asserts that the remedy of habeas corpus is improper because it is premature. Although Mac-Neil was adjudicated incompetent and committed to the custody of HRS by an order rendered on July 1, 1991, at the time he filed his petition with this court on August 8, 1991, he was (and apparently still is) in the Orange County Jail, awaiting notification from HRS that it has a “completed commitment package” which HRS claims is necessary for it to “admit” him. HRS does not dispute that the commitment order challenged in this case fails to comply with the requirements of the statute and rule cited above. It argues that prohibition is the proper remedy.
Habeas corpus is the traditional remedy used to obtain a person’s release from an illegal order of involuntary commitment.[1] Under the order of commitment entered by the judge in this case, MacNeil was left in the temporary custody of the Sheriff of Orange County, essentially as an agent for HRS. The sheriff is charged solely with the duty to transport MacNeil pursuant to the directions of HRS or subsequent order of the court.
In this case, the petition and exhibits establish (without dispute from respondent) that the trial court failed to comply with the requirements of rule 3.211 and section 916.13(1), Florida Statutes (1989). The rule requires that if the examining psychiatrists find a defendant is incompetent to proceed, they must include in their reports filed with the court the following:
(i) The mental illness or mental retardation causing the incompetence;
(ii) The treatment or treatments appropriate for the mental illness or mental retardation of the defendant, and an explanation of each of the possible treatment alternatives in order of choices;
(iii) The availability of acceptable treatment. If treatment is available in the community, the expert shall so state in the report;
(iv) The likelihood of the defendant attaining competence under the treatment recommended, an assessment of the probable duration of the - treatment required to restore competence, and the probability that the defendant will attain competence to proceed in the foreseeable future.
Neither psychiatrist addressed the availability of acceptable treatment, nor the likelihood of MacNeil attaining competence to proceed. Dr. Danziger’s examination also failed to report on appropriate treatments.
Section 916.13(l)(b) requires the court to consider less restrictive treatment alternatives. There is no basis in the record which could establish by clear and convincing evidence that less restrictive treatment alternatives were inappropriate. Further, the order adjudicating MacNeil incompetent to proceed and involuntarily committing him is almost a blank form which fails to check *100 off what evidence, if any, the trial court received or considered (written reports, testimony, or both), and at what stage Mac-Neil was found incompetent to proceed (trial, pretrial, plea, probation, or community control violation, sentencing, etc.).
Accordingly, we vacate the challenged order of commitment and return MacNeil to the custody of the Orange County sheriff. We remand this cause to the trial court for such further proceedings as it may deem appropriate.
REVERSED and REMANDED.
COBB and HARRIS, JJ., concur.

. See Lee v. State, 546 So.2d 436 (Fla. 5th DCA 1989) (habeas corpus petition granted and petitioner discharged from order of commitment for involuntary treatment under the Comprehensive Alcoholism Prevention Control and Treatment Act); Thurston v. Navarro, 546 So.2d 448 (Fla. 4th DCA 1989) (habeas corpus petition seeking release from involuntary commitment under section 916.15; petition granted and order of commitment quashed). Furthermore, “[s]tatutes which authorize the deprivation of an individual’s liberty must be strictly construed.” Lee, at 437 (examination by certified alcoholism counselor rather than physician did not meet statutory requirement). See also Thurston at 449 (trial court improperly rejected uncontra-dicted expert opinion that petitioner did not meet criteria).