811 So.2d 808 (2002)
William K. HEARD, Petitioner,
v.
FLORIDA PAROLE COMMISSION, Respondent.
No. 1D01-2274.
District Court of Appeal of Florida, First District.
March 20, 2002.
Petitioner, pro se.
William L. Camper, General Counsel; Mark J. Hiers, Assistant General Counsel, Florida Parole Commission, Tallahassee, for Respondent.
PER CURIAM.
William K. Heard challenges, in a petition for a writ of certiorari, an order of the circuit court upholding the revocation of his parole by the Florida Parole Commission. We conclude that the circuit court departed from the essential requirements of law by 1) treating Heard's habeas corpus petition as a petition for a writ of mandamus and requiring him to pay a filing fee, and 2) exercising jurisdiction over Heard's habeas petition even though Heard is incarcerated in a county within a different judicial circuit.
An inmate's challenge to the revocation of his early release from prison under the terms and conditions of an early release program is properly filed in a petition for a writ of habeas corpus, see Gillard v. Florida Parole Comm'n, 784 So.2d 1214, 1215 (Fla. 1st DCA 2001), and "a petition for a writ of habeas corpus ... is constitutionally exempt from all court costs and filing fees." Stanley v. Moore, 744 *809 So.2d 1160, 1161 (Fla. 1st DCA 1999). Thus, the circuit court clearly departed from the essential requirements of law in treating Heard's petition as a petition for a writ of mandamus and collecting a filing fee in connection with the petition.
An inmate's petition for a writ of habeas corpus is properly filed in the circuit court having jurisdiction over the county in which the inmate is currently incarcerated. See Gillard 784 So.2d at 1215. Thus, because Heard is, and was at the time he filed his petition, incarcerated in Hamilton County, jurisdiction over the petition was properly in the Third Judicial Circuit. In cases such as this where the circuit court has improperly exercised jurisdiction over a habeas corpus petition, the appropriate disposition is for the circuit court's order disposing of the inmate's petition without jurisdiction to be quashed and the case remanded with directions that the circuit court immediately transfer the inmate's petition to the circuit court having jurisdiction over the correctional facility in which the inmate is currently housed. See Stanley, 744 So.2d at 1161; see also Gillard, 784 So.2d at 1215; Yeik v. Florida Parole Comm'n, 776 So.2d 1037 (Fla. 1st DCA 2001).
We, therefore, quash the circuit court's order and remand this case to the circuit court with directions to refund the filing fee paid by Heard in accordance with the case management order, and to immediately transfer Heard's petition to the circuit court of the Third Judicial Circuit in and for Hamilton County, Florida.
MINER, WOLF and Van NORTWICK, JJ., concur.