881 So.2d 656 (2004)
Hansel CLARKE, Petitioner,
v.
Jerry REGIER, Secretary of Department of Children and Families and Diane Funston, Administrator of South Florida State Hospital/Atlantic Shores Healthcare, Inc., Respondents.
No. 3D04-1604.
District Court of Appeal of Florida, Third District.
August 18, 2004.
Levine & Finger, and Jay L. Levine, Miami, for petitioner.
Mary Ellen McDonald, Chief District Legal Counsel for Department of Children and Families, District 11; Katherine Fernandez Rundle, State Attorney Office, and Monica Gordo, Assistant State Attorney; and Larry Davis, Counsel for South Florida State Hospital/Atlantic Shores Healthcare, Inc., and Diane Funston, Administrator of South Florida State Hospital/Atlantic Shores Healthcare, Inc.; and Jerry Regier, Secretary of Department of Children and Families, for respondents.
Before LEVY, FLETCHER, and RAMIREZ, JJ.
RAMIREZ, J.
Petitioner, Hansel Clarke, petitioned this court for a writ of habeas corpus directed to the respondents, Jerry Regier, as Secretary of the Department of Children and Families and Diane Funston, Administrator of the South Florida State Hospital/Atlantic Shores Healthcare, Inc. We hereby treat the petition as one for a belated appeal and reverse the order of the trial court because it had no authority to continue the involuntary commitment of petitioner in light of the uncontroverted expert testimony.
Petitioner argues that habeas corpus is the proper remedy to obtain a person's release from an order of involuntary commitment to the custody of the Department of Children and Families. MacNeil v. State, 586 So.2d 98 (Fla. 5th DCA 1991); *657 Thurston v. Navarro, 546 So.2d 448 (Fla. 4th DCA 1989). Petitioner was committed to the custody of the Department following his acquittal by reason of insanity for a homicide he committed in 1978. Many years later, he was granted conditional release. In 1992, petitioner pled guilty to Attempted Second Degree Murder in Pinellas County and received probation, which was transferred to Dade County. Three years later, the court found that petitioner had violated his conditional release and, because he met the criteria for involuntary hospitalization, he was recommitted to the Department. Petitioner was confined to the Florida State Hospital in Chattahoochee, Florida. On December 20th, 2000, he was transferred to South Florida State Hospital. A year later, Dr. Debra Kirsch, Clinical Director of Atlantic Shores Healthcare, Inc., advised the court by letter that petitioner no longer met the criteria for involuntary hospitalization.
In December 2001, the hospital filed with the Court a conditional discharge plan. The plan provided that the petitioner live in an assisted living facility and receive outpatient substance abuse and psychiatric treatment. Case Management was to be provided by Bayview Center for Mental Health. The State objected to the discharge. The State also requested that Dr. Jane Ainsley, Dr. Sanford Jacobson, and Dr. Leonard Haber, be appointed to examine petitioner. The three doctors agreed that petitioner did not satisfy the criteria for involuntary hospitalization.
A lengthy hearing was held, after which the court approved petitioner's release to the assisted living facility. The court later revoked the order when Bayview Center for Mental Health withdrew its participation in the plan. The Center refused to explain the reason for abandoning the plan that they helped draft.
A year and a half elapsed. Dr. Robert Braswell submitted a report that recommended transfer to a secure facility like Passageways. The State requested that Drs. Ainsley, Jacobson, and Haber be reappointed. All of the three doctors agreed that they preferred that petitioner be admitted to a secure, residential, non-time limited program. All of them further agreed, as they had opined a year and a half earlier, that petitioner did not satisfy the criteria for involuntary hospitalization. The State, however, continued to oppose petitioner's release to any place other than a secure residential non-time limited facility.
On October 8th, 2003, the trial court held an evidentiary hearing to determine petitioner's placement. Months later, on May 3rd, 2004, the court entered a written order in which the court found that, notwithstanding the unrebutted, stipulated report of all the court appointed experts, petitioner satisfied the criteria for involuntary hospitalization. The court recommitted petitioner to the custody of the Florida Department of Children and Families. No appeal was taken from the May 3rd order. Instead, a petition for a writ of habeas corpus was filed on June 25th, 2004.
This court ordered respondents to answer the allegations in the Petition. Instead of addressing the merits, respondents asserted that the petition should be denied because the proper remedy was direct appeal and not habeas corpus. The respondent relied on Sneed v. Mayo, 66 So.2d 865 (Fla.1953) and State ex rel. Risatti v. Eaton, 161 So.2d 549 (Fla. 2d DCA 1964).
We agree with petitioner that "[h]abeas corpus is the traditional remedy used to obtain a person's release from an illegal order of involuntary commitment." MacNeil v. State, 586 So.2d 98, 99 (Fla. 5th DCA 1991). We also agree that the *658 uncontroverted expert testimony offered in this case was that the petitioner did not meet the criteria for involuntary commitment. Equally relevant, however, was their testimony that the petitioner should remain in a secure, residential, non-time limited program.
We reverse because the trial court did not have the authority to ignore the unanimous opinions of the experts where the petitioner did not meet the criteria for involuntary hospitalization. The case is remanded with directions to provide the petitioner with an appropriate facility. Should the Department be unable to provide a secure, residential, non-time limited program, habeas corpus may be the only other alternative remedy.
Reversed and remanded with directions.