895 So.2d 1291 (2005)
Robert GIBSON, Appellant,
v.
FLORIDA PAROLE COMMISSION, Appellee.
No. 5D04-3171.
District Court of Appeal of Florida, Fifth District.
March 24, 2005.
Robert Gibson, Orlando, pro se.
Terri Leon-Benner, Assistant General Counsel, Florida Parole Commission, Tallahassee, for Appellee.
GRIFFIN, J.
Robert Gibson ["Gibson"] appeals an order dismissing his petition for writ of habeas corpus. The petition challenged an order issued by the Florida Parole Commission ["the Commission"], which extended Gibson's presumptive parole release date by sixty months and refused to set an effective parole release date. The Commission correctly argues that the proper method of obtaining review of its decision is by means of a petition for writ of mandamus filed in the circuit court in and for Leon County, Florida. Griffith v. Florida Parole & Prob. Comm'n, 485 So.2d 818, 820 (Fla.1986); Roth v. Crosby, 884 So.2d 407 (Fla. 2d DCA 2004); Lewis v. Florida Parole Comm'n, 697 So.2d 965 (Fla. 1st DCA 1997); Williams v. Florida Parole Comm'n, 625 So.2d 926 (Fla. 1st DCA 1993); Pannier v. Wainwright, 423 So.2d 533, 534 (Fla. 5th DCA 1982).
We reverse the order dismissing the petition because the trial court should have treated the petition as a petition for writ of mandamus and transferred the case to Leon County. See Perkins v. State, 766 So.2d 1173 (Fla. 5th DCA 2000); Art. V, § 2(a), Fla. Const.; see also Hunt v. State, 798 So.2d 788 (Fla. 4th DCA 2001). The law governing review of the Commission's decisions is arcane and often confusing. Here, the petition was mislabeled and filed in the wrong venue. Where the correct remedy and venue are apparent to the trial judge, it serves judicial economy to transfer the case rather than simply dismiss it.
REVERSED AND REMANDED.
SHARP, W. and PLEUS, JJ., concur.