924 So.2d 966 (2006)
Marvin COOPER, Appellant,
v.
FLORIDA PAROLE COMMISSION, Appellee.
No. 4D05-2609.
District Court of Appeal of Florida, Fourth District.
April 5, 2006.
Marvin Cooper, Okeechobee, pro se.
Bradley R. Bischoff, Tallahassee, for appellee.
PER CURIAM.
Marvin Cooper seeks review of the trial court's dismissal, as untimely, of his petition for writ of habeas corpus, in which he challenged the revocation of his conditional release supervision.[1] Concluding that *967 Cooper did not allege that he was entitled to immediate release should he prevail, the trial court treated his petition for writ of habeas corpus as a petition for writ of mandamus. The court then determined that the petition was untimely filed, pursuant to Florida Rule of Appellate Procedure 9.100(c). Rule 9.100(c)(2) requires petitions challenging quasi-judicial actions to be filed within thirty days of rendition of the order to be reviewed.
Although the trial court incorrectly converted appellant's habeas petition into a mandamus petition, see Knowles v. Fla. Parole Comm'n, 846 So.2d 1246 (Fla. 1st DCA 2003); Heard v. Fla. Parole Comm'n, 811 So.2d 808 (Fla. 1st DCA 2002), the court properly denied the petition as untimely. § 95.11(5)(f), Fla. Stat. Accordingly, we affirm the dismissal of the petition. However, we reverse the trial court's order imposing a lien on appellant's inmate trust account for filing fees. See Schmidt v. Crusoe, 878 So.2d 361 (Fla. 2003); Heard, 811 So.2d at 808-09; Thomas v. State, 904 So.2d 502 (Fla. 4th DCA 2005); see also Cox v. Crosby, 31 Fla. L. Weekly D310, ___ So.2d ___, 2006 WL 176681 (Fla. 1st DCA Jan.26, 2006).
FARMER, TAYLOR and HAZOURI, JJ., concur.
NOTES
[1] We initially redesignated Cooper's appeal as a petition for writ of certiorari. However, based on our review of case law regarding the appropriate vehicle for seeking relief when the circuit court did not decide the prisoner's petition for review of administrative action on the merits, we have reverted to treating this matter as an appeal. See Gibson v. Fla. Parole Comm'n, 895 So.2d 1291 (Fla. 5th DCA 2005); Roth v. Crosby, 884 So.2d 407, 408 n. 2 (Fla. 2d DCA 2004); Green v. Moore, 777 So.2d 425, 426 (Fla. 1st DCA 2000).