951 So.2d 84 (2007)
Henry L. MARTIN, Appellant,
v.
FLORIDA PAROLE COMMISSION, Appellee.
No. 1D06-1935.
District Court of Appeal of Florida, First District.
March 13, 2007.
*85 Henry L. Martin, pro se, Appellant.
Kim Fluharty, General Counsel, and Bradley R. Bischoff, Assistant General Counsel, Florida Parole Commission, Tallahassee, for Appellee.
PER CURIAM.
Henry L. Martin appeals an order treating his petition for writ of habeas corpus as seeking non-habeas relief and denying that petition as untimely pursuant to Florida Rule of Appellate Procedure 9.100(c)(2). We reverse.
Martin was released to conditional release supervision in August 2003, but by order of December 15, 2004, the Florida Parole Commission revoked his supervision and he was returned to the custody of the Department of Corrections. By petition for writ of habeas corpus placed in the hands of prison officials for mailing on December 21, 2005, Martin challenged the revocation of his conditional release supervision and his continued incarceration pursuant thereto. Without issuing an order to show cause, the circuit court denied relief, finding that Martin's claim was more properly viewed as seeking certiorari review of the parole commission's revocation order, but was time-barred pursuant to the 30-day limitation established by rule 9.100(c)(2).
Rule 9.100(c)(2), upon which the circuit court relied, provides that "a petition to review quasi-judicial action of agencies, boards, and commissions of local government, which action is not directly appealable under any other provision of general law but may be subject to review by certiorari," shall be filed within 30 days of rendition of the order to be reviewed. By its plain terms, the rule relates to the review of actions "of agencies, boards, and commissions of local government," and it is thus inapplicable to a claim challenging an action of the state agency. Moreover, Martin's challenge to the revocation of his conditional release supervision and his consequent incarceration was properly presented by petition for writ of habeas corpus, and the trial court further erred in converting the petition to one seeking non-habeas relief. See Knowles v. Fla. Parole Comm'n, 846 So.2d 1246 (Fla. 1st DCA 2003); Heard v. Fla. Parole Comm'n, 811 So.2d 808 (Fla. 1st DCA 2002).
The parole commission suggests that the trial court nonetheless reached the correct result in light of section 95.11(5)(f), Florida Statutes (2006), which provides that a petition for extraordinary writ other than one challenging a criminal conviction, filed on or on behalf of a prisoner, must be brought within one year. Thus, the commission contends that regardless of whether appellant's petition was properly filed as a habeas corpus action or a certiorari action, it was time-barred and the circuit court properly denied relief on procedural grounds. See Cooper v. Fla. Parole Comm'n, 924 So.2d 966 (Fla. 4th DCA 2006), review pending, No. SC06-1236 (Fla. June 21, 2006).
We find this reasoning to be flawed for two reasons. First, the legitimacy of applying section 95.11(5)(f) in this situation is questionable in light of Allen v. Butterworth, 756 So.2d 52 (Fla.2000), in which the court held that the legislature was without authority to establish deadlines for asserting claims traditionally remediable through habeas corpus.[1] More to the point, the fundamental characteristic of a *86 habeas claim is an assertion of continued unlawful detention, and the "purpose of a habeas corpus proceeding is to inquire into the legality of the petitioner's present detention." See Sneed v. Mayo, 69 So.2d 653 (Fla.1954). Inasmuch as Martin alleged that he continued to be unlawfully detained, his claim was necessarily filed within the one-year time limitation established by the statute.
Accordingly, the order treating Martin's petition for writ of habeas corpus as seeking non-habeas relief and denying that petition as untimely is REVERSED, and the matter is REMANDED for further proceedings. To the extent Cooper holds that rule 9.100(2)(c) and section 95.11(5)(f) may operate to bar a habeas corpus proceeding challenging a prisoner's continued confinement pursuant to the revocation of post-release supervision by the parole commission, we certify conflict with that decision.
BROWNING, C.J., KAHN, and LEWIS, JJ., concur.
NOTES
[1] Although it did not directly address section 95.11(5)(f), this court noted in Johnson v. Fla. Parole Comm'n, 841 So.2d 615 (Fla. 1st DCA 2003), that unlike challenges to the outcome of an inmate disciplinary proceeding, the Florida Supreme Court has not by rule adopted a similar time limit to challenge orders of the parole commission in revocation or PPRD proceedings, and that the question of timeliness must therefore be raised, if at all, by the affirmative defense of laches.