993 So.2d 1059 (2008)
Robert C. YON, Petitioner,
v.
FLORIDA PAROLE COMMISSION, and Walter A. McNeil, Secretary, Florida Department of Corrections, et al., Respondents.
No. 1D07-4717.
District Court of Appeal of Florida, First District.
April 3, 2008.
Robert C. Yon, pro se, Petitioner.
Kim Fluharty, General Counsel, and Sarah J. Rumph, Assistant General Counsel, Florida Parole Commission, Tallahassee; Kathleen Von Hoene, General Counsel, and Sean T. Garner, Assistant General Counsel, Florida Department of Corrections, Tallahassee, for Respondents.
PER CURIAM.
By petition for writ of certiorari, petitioner seeks review of an order denying his petition for writ of habeas corpus from the Madison County Circuit Court and an order denying his motion for rehearing from the Calhoun County Circuit Court. Petitioner had filed a petition for writ of habeas corpus in the Madison County Circuit Court, challenging the Florida Parole Commission's revocation of his conditional release. The Madison County Circuit Court denied the petition in April 2006, finding that the Commission had acted within the scope of its authority.
Thereafter, petitioner filed a motion and amended motion for rehearing. In June 2007, the Madison County Circuit Court transferred the habeas petition as well as the motions for rehearing to Calhoun County Circuit Court. The Madison Court *1060 stated that the motions raised issues relating to the sufficiency of the evidence of the violation of probation hearing which was the basis for the Commission's revocation proceedings and were more appropriately addressed by the sentencing court. On August 16, 2007, the Calhoun County Circuit Court entered an order denying petitioner's motions for rehearing. The Calhoun Court found that because the state announced a no information in the criminal case, petitioner was not due any relief via a postconviction motion as suggested by the transferring order. The Calhoun Court also noted that the motions for rehearing essentially challenged the Commission's revocation proceedings.
We quash the Madison County Circuit Court's order transferring the habeas petition to the Calhoun County Circuit Court and quash the Calhoun County Circuit Court's order ruling on the motions for rehearing. As petitioner was incarcerated in Madison County, Madison County Circuit Court was the proper court to rule on the habeas petition which challenged the revocation of petitioner's conditional release. See Heard v. Fla. Parole Comm'n, 811 So.2d 808 (Fla. 1st DCA 2002). Contrary to the assertions of the Madison Court, petitioner's motions for rehearing did raise issues concerning the revocation of his conditional release. Therefore, the Madison Court should have ruled on the motions for rehearing.
Accordingly, we remand for the Madison Court to rule on the motions for rehearing filed in Madison County Circuit Court.
PETITION GRANTED; REMANDED WITH DIRECTIONS.
WEBSTER, DAVIS, and HAWKES, JJ., concur.