PER CURIAM.
This case is before the Court for review of the decision of the Fourth District Court of Appeal in Jones v. Florida Parole Commission, 4 So.3d 91 (Fla. 4th DCA 2009). The district court certified that its decision is in direct conflict with the decisions of the First and Second District Courts of Appeal in Martin v. Florida Parole Commission, 951 So.2d 84 (Fla. 1st DCA 2007), and Carpenter v. Florida Parole Commission, 958 So.2d 564 (Fla. 2d DCA 2007). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
PROCEDURAL BACKGROUND
In March 1968, Willie F. Jones (Jones) was sentenced to prison for a term of 99 years. After Jones had served over 14 years in prison, the Parole Commission entered an order releasing him on parole in May 1982. On April 21,1990, Jones was arrested in Broward County, Florida on charges of possession of cocaine and prowling but Jones was never convicted of either offense. On April 30, 1990, the State filed a formal “No Information” with regard to those charges. Even though the State had previously filed a formal “No Information,” on August 1, 1990, the Parole Commission revoked Jones’s parole for violation of a condition of his release. The Parole Commission determined that Jones violated the terms and conditions of his parole, specifically stating that Jones:
Violated Condition 8 by failing to live and remain at liberty without violating the law in that on or about April 21, 1990, in Broward County, Florida he did unlawfully possess a controlled substance, to-wit: cocaine.
The report also indicated that Jones denied the allegations against him, but that the commission relied on the testimony of an officer who observed Jones sitting directly next to a bag of drugs. Jones was *706 subsequently returned to prison to serve out the remainder of his sentence and remains there today.
On November 20, 2008, Jones filed a petition for a writ of habeas corpus in the Nineteenth Judicial Circuit alleging factual innocence. On December 5, 2008, the Nineteenth Circuit sua sponte rendered a final order dismissing Jones’ petition, finding that the petition “is wholly without merit, and ... untimely,” citing section 95.11(5)(f), Florida Statutes (2008), as the basis for declaring the petition untimely. On December 31, 2008, Jones filed a petition for a writ of certiorari in the Fourth District. The Fourth District redesignat-ed the petition as an appeal and without briefing or argument summarily affirmed the order of dismissal. See Jones v. Florida Parole Comm’n, 4 So.3d 91 (Fla. 4th DCA 2009).
THE CERTIFIED CONFLICT
This case arises from a certified conflict between the Fourth District, on one hand, and the First and Second Districts on the other. Specifically, the district courts disagree with regard to the applicability of section 95.11(5)(f) to a petition for a writ of habeas corpus filed by an inmate seeking release from unlawful detention by the State. That statute of limitation provides, in pertinent part:
95.11 Limitations other than for the recovery of real property. — Actions other than for recovery for real property shall be commenced as follows:
[[Image here]]
(5) Within one year.—
[[Image here]]
(f) Except for actions described in subsection (8), a petition for extraordinary writ, other than a petition challenging a criminal conviction, filed by or on behalf of a prisoner as defined in section 57.085.
Judicial history with regard to the application of this statute has been checkered. Previously, in Cooper v. Florida Parole Commission, 924 So.2d 966, 967 (Fla. 4th DCA 2006), the Fourth District held that the trial court properly denied a petition for habeas corpus as untimely, relying upon section 95.11(5)(f). However, one year later in Martin v. Florida Parole Commission, 951 So.2d 84 (Fla. 1st DCA 2007), the First District rejected the argument advanced and accepted by the Fourth District in Cooper:
We find this reasoning to be flawed for two reasons. First, the legitimacy of applying section 95.11(5)(f) in this situation is questionable in light of Allen v. Butterworth, 756 So.2d 52 (Fla.2000), in which the court held that the legislature was without authority to establish deadlines for asserting claims traditionally remediable through habeas corpus. More to the point, the fundamental characteristic of a habeas claim is an assertion of continued unlawful detention, and the “purpose of a habeas corpus proceeding is to inquire into the legality of the petitioner’s present detention.” See Sneed v. Mayo, 69 So.2d 653 (Fla.1954). Inasmuch as Martin alleged that he continued to be unlawfully detained, his claim was necessarily filed within the one-year time limitation established by the statute.
Id. at 85-86 (footnote omitted). The First District then certified that its decision was in conflict with Cooper. See id. at 86. A few months later, in Carpenter v. Florida Parole Commission, 958 So.2d 564, 565 (Fla. 2d DCA 2007), the Second District explicitly adopted the reasoning of the First District in Martin and also certified that its decision was in conflict with Cooper. In Smith v. Florida Parole Commission, 987 So.2d 229, 229-30 (Fla. 4th DCA 2008), the Fourth District affirmed its ear *707 lier decision in Cooper and also certified that its decision was in conflict with Martin and Carpenter.
The opinion in the case before this Court today in its entirety provides:
Willie F. Jones (Jones) filed a petition for writ of certiorari in this court, challenging an order dismissing his petition for writ of habeas corpus, filed in the circuit court in November 2008, in which he challenged the revocation of his parole, which occurred in 1990.
We redesignate the certiorari proceeding as an appeal, see Cooper v. Fla. Parole Comm’n, 924 So.2d 966, 967 n. 1 (Fla. 4th DCA 2006), rev. pending, No. SC06-1236 (Fla. June 21, 2006); Roth v. Crosby, 884 So.2d 407, 408 n. 2 (Fla. 2d DCA 2004); Green v. Moore, 111 So.2d 425, 426 (Fla. 1st DCA 2000), and treat the petition as Jones’ initial brief.
We summarily affirm, pursuant to Florida Rule of Appellate Procedure 9.315(a), concluding that the circuit court did not err in dismissing the habeas corpus petition as untimely. See § 95.11(5)(f), Fla. Stat. (2008); Smith v. Fla. Parole Comm’n, 987 So.2d 229 (Fla. 4th DCA 2008); Cooper, 924 So.2d at 967.
As we did in Smith, we certify conflict with Martin v. Florida Parole Commission, 951 So.2d 84 (Fla. 1st DCA 2007), rev. dismissed, 957 So.2d 635 (Fla.2007), and Carpenter v. Florida Parole Commission, 958 So.2d 564 (Fla. 2d DCA 2007).
Redesignated as an appeal and Affirmed; Conflict Certified.
Jones, 4 So.3d at 91.
ANALYSIS
Jones asserts that the application of section 95.11(5)(f) to habeas petitions violates the doctrine of separation of powers and is expressly contrary to Allen v. Butterworth, 756 So.2d 52 (Fla.2000). We agree.
“It may be said as a general rule that whatever power is conferred upon the courts by the Constitution cannot be enlarged or abridged by the Legislature.” State ex rel. Buckwalter v. City of Lakeland, 112 Fla. 200, 150 So. 508, 512 (1933) (citing State ex. rel. Robinson v. Durand, 36 Utah 93,104 P. 760 (1908)). In Allen v. Butterworth, 756 So.2d 52 (Fla.2000), this Court held:
[T]he writ of habeas corpus and other postconviction remedies are not the type of “original civil action” described in Williams [v. Law, 368 So.2d 1285 (Fla.1979) ], for which the Legislature can establish deadlines pursuant to a statute of limitations. Due to the constitutional and quasi-criminal nature of habeas proceedings and the fact that such proceedings are the primary avenue through which convicted defendants are able to challenge the validity of a conviction and sentence, we hold that article V, section 2(a) of the Florida Constitution grants this Court the exclusive authority to set deadlines for postconviction motions.
Id. at 62 (emphasis supplied).
The clear rule established by Allen is that the Legislature cannot impose procedural limitations on habeas petitions. Section 95.11(5)(f) provides that “a petition for extraordinary writ, other than a petition challenging a criminal conviction,” must commence within one year. Accordingly, based on this Court’s decision in Allen, any application of section 95.11(5)(f) to a habeas petition violates the doctrine of separation of powers.
The dissent attempts to circumvent this clear rule articulated in Allen by relying on Williams v. Law, 368 So.2d 1285 (Fla.1979), a case that involved a challenge to an administrative decision of a county *708 board of tax adjustment. In Allen, however, we explicitly refused to extend the rule articulated in Williams to the fervently guarded right to petition for habeas corpus. See Allen, 756 So.2d at 60. We made absolutely clear that “[although ha-beas corpus petitions are technically civil actions, they are unlike other traditional civil actions.” Id. (emphasis supplied). The dissent is merely endeavoring to revisit an argument that this Court unequivocally rejected in Allen.
The Parole Commission asserts that the application of section 95.11(5)(f) to a petition for habeas corpus does not violate the doctrine of separation of powers because the Parole Commission’s actions with regard to the revocation of parole or conditional release are essentially administrative in nature. Specifically, the Parole Commission asserts that this Court’s holding in Allen is limited to habeas petitions that “challenge the validity of a conviction and sentence,” and the habeas petition filed by Jones does not. The only authority upon which the Parole Commission relies to support this contention is this Court’s decision in Kalway v. Singletary, 708 So.2d 267 (Fla.1998). This argument is without merit and has previously been directly and specifically rejected by this Court.
In Kalway, the defendant filed a petition for a writ of mandamus that challenged disciplinary action imposed by the Department of Corrections. See id. at 268. Kal-way claimed that the application of section 95.11(8) constituted a violation of the separation of powers doctrine which was rejected by this Court at that time. Section 95.11(8) provides:
Any court action challenging prisoner disciplinary proceedings conducted by the Department of Corrections pursuant to s. 944.28(2) must be commenced within 30 days after final disposition of the prisoner disciplinary proceedings through the administrative grievance process under chapter 33, Florida Administrative Code. Any action challenging prisoner disciplinary proceedings shall be barred by the court unless it is commenced within the time period provided by this section.
In Allen, the State asserted the same argument as that advanced here. This Court specifically rejected the State’s assertion that Kalway applies to habeas petitions and wrote:
It is important to note that, unlike the [Death Penalty Reform Act], which poses equal protection and due process problems, there were no constitutional infirmities with the thirty-day deadline at issue in Kalway. However, we clarify our holding in Kalway in order to make it clear that this Court did not cede to the Legislature the power to control the time in which extraordinary writ actions must be commenced.
Allen, 756 So.2d at 62 n. 4.
In sum, the only argument and authority provided by the Parole Commission to support the notion that habeas petitions should be treated differently in parole revocation matters is this Court’s decision in Kalway, which, in Allen, this Court clearly distinguished and rejected. The Parole Commission’s claim both misstates this Court’s decision in Kalway and ignores this Court’s actual decision in Allen. To the contrary, Florida courts have long recognized the legitimacy and application of habeas petitions that do not challenge criminal convictions and sentences. See, e.g., State v. Luster, 596 So.2d 454, 455 (Fla.1992) (interstate extradition); Sandstrom v. Leader, 370 So.2d 3, 5 (Fla.1979) (challenge to statute under which petitioner is confined); Champion v. Cochran, 133 So.2d 68, 68 (Fla.1961) (confinement of a minor); Tittsworth v. Akin, 118 Fla. 454, *709 159 So. 779, 780 (1985) (challenge to validity of ordinance); Ex parte Pitts, 35 Fla. 149, 17 So. 76, 76-77 (1895) (challenge to legal existence of court by whose judgment petitioner is imprisoned); Clarke v. Regier, 881 So.2d 656, 657 (Fla. 3d DCA 2004) (involuntary hospitalization); Parsons v. Wennet, 625 So.2d 945, 946 (Fla. 4th DCA 1993) (confinement for civil contempt); MacNeil v. State, 586 So.2d 98, 99 (Fla. 5th DCA 1991) (involuntary commitment for mental illness); Lee v. State, 546 So.2d 436, 436 (Fla. 5th DCA 1989) (involuntary commitment for treatment for alcoholism); Durant v. Boone, 509 So.2d 1275, 1276 (Fla. 1st DCA 1987) (procedural validity of contempt order).
The Parole Commission also attempts to advance the federal system’s acceptance of a legislatively created statute of limitation on habeas corpus actions as justification for denying relief here. Specifically, the Parole Commission refers to the Antiter-rorism and Effective Death Penalty Act of 1996 (AEDPA). In Allen, however, this Court also explained why the federal constitutional framework in which the AED-PA was enacted is distinguishable from Florida’s government structure as formulated in the state constitution:
The State also directs our attention to the “Antiterrorism and Effective Death Penalty Act of 1996” (AEDPA), wherein Congress imposed a one-year deadline for habeas corpus filings in federal courts. See 28 U.S.C. § 2244 (Supp. Ill 1997) (standard for prisoners in state custody); id. at § ,2255 (standard for prisoners in federal custody). This deadline has been interpreted by the federal courts as a statute of limitations. See, e.g., Weekley v. Moore, 204 F.3d 1083, 1083 (11th Cir.2000) (“The AEDPA added a one year statute of limitations to federal habeas corpus actions.”). The State asserts that if Congress has the authority to set a statute of limitations in this area, then the Florida Legislature should also have that authority. This argument, however, is not persuasive, as there are significant distinctions between the balance of power in the federal system and the balance of power in this state. Although the federal constitution grants the United States Supreme Court limited original jurisdiction, article III, section 2 provides that the appellate jurisdiction of the United States Supreme Court is derived from the authority of Congress. In contrast, the original and appellate jurisdiction of the courts of Florida is derived entirely from article V of the Florida Constitution. See art. V, §§ 3(b), 4(b), 5(b), Fla. Const. Further, the United States Supreme Court has recognized that “the power to award the writ [of habeas corpus] by any of the courts of the United States, must be given by written law” and “judgments about the proper scope of the writ are normally for Congress to make.” Felker v. Turpin, 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (internal quotation marks omitted). In Florida, article V of the Florida Constitution explicitly grants circuit courts, district courts, and this Court the authority to issue writs of habeas corpus. See art. V, §§ 3(b)(9), 4(b)(3), 5(b), Fla. Const. Finally, the United States Supreme Court promulgates the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure pursuant to the authority conferred to it by Congress under the Rules Enabling Act. See 28 U.S.C. § 2072 (1994). As pointed out by the Fifth Circuit Court of Appeals:
It has long been settled that Congress has the authority to regulate matters of practice and procedure in the federal courts. Sibbach v. Wilson & Co., 312 U.S. 1, 9-10[, 61 S.Ct. 422, *710 85 L.Ed. 479] (1941). Congress delegated some of this power in 1934 by passing the Rules Enabling Act, which gave the Supreme Court the power to promulgate rules of practice and procedure for United States courts. Despite this delegation of authority, Congress maintains an integral, albeit passive, role in implementing any rules drafted by the Court. For example, all such rules are subject to review by Congress; they take effect only after the Supreme Court has presented them to Congress and after Congress has had seven months to review proposed rules or changes. Congress uses the review period to “make sure that the action under the delegation squares with the Congressional purpose.” Sibbach, 312 U.S. at 15 [, 61 S.Ct. 422], Although Congress has authorized the Court to exercise some legislative authority to regulate the courts, Congress at all times maintains the power to repeal, amend, or supersede its delegation of authority or the rules of procedure themselves. Therefore Congress may at any time amend or abridge by statute the Federal Rules of Civil Procedure, Rules of Appellate Procedure, Rules of Evidence, or other federal procedural rules promulgated under the Rules Enabling Act.
Jackson v. Stinnett, 102 F.3d 132, 134 (5th Cir.1996) (citations omitted). In Florida, article V, section 2(a) of the Florida Constitution grants this Court the exclusive authority to adopt rules of procedure. Consequently, the separation of powers argument raised in the present case would never be an issue in the federal system. Unlike the Florida Constitution, the federal constitution does not expressly grant the United States Supreme Court the power to adopt rules of procedure. In fact, it appears that the two branches work together in formulating procedural rules in the federal system. Hence, the State’s reliance on the AEDPA is clearly without merit.
756 So.2d at 62-64 (emphasis supplied).
The Parole Commission attempts to rely upon authority from three states, Washington, Kansas, and California, that “em-bracen statutes of limitation in habeas corpus proceedings.” These cases are unpersuasive. First, none of the decisions cited by the Parole Commission address the separation of powers concerns present here. See In re Gallego, 18 Cal.4th 825, 77 Cal.Rptr.2d 132, 959 P.2d 290 (1998); Battrick v. State, 267 Kan. 389, 985 P.2d 707 (1999); In re Bonds, 165 Wash.2d 135, 196 P.3d 672 (2008). Secondly, the Parole Commission overlooks that none of those decisions involve the specific constitutional provisions which are present in the Florida Constitution and cause the constitutional infirmities here. See id.
The writ of habeas corpus is one of the most important and protected legal rights in both United States and Florida jurisprudence. “The purpose of a habeas corpus proceeding is to inquire into the legality of the petitioner’s present detention.” Sneed v. Mayo, 69 So.2d 653, 654 (Fla.1954) (emphasis supplied). The purpose of a habeas petition is not to challenge the judicial action that places a petitioner in jail; rather, it challenges the detention itself. Section 95.11(5)(f) does not provide for a specific time when causes of action subject to its statute of limitations accrue. Even if this Court were to find that section 95.11(5)(f) can constitutionally be applied to habeas petitions, which we do not, a new cause of action would accrue each day that a defendant is detained. If a petitioner alleges that he is unlawfully detained, “his claim [is] neces *711 sarily filed within the one-year time limitation established by the statute.” Martin, 951 So.2d at 86. Here, Jones was detained at the time his habeas petition was filed, so it was timely even under an unconstitutional application of section 95.11(5)(f).
CONCLUSION
Allen is controlling here. Accordingly, we again apply Florida’s constitutional provisions and hold that the application of section 95.11(5)(f) to petitions for writs of habeas corpus is unconstitutional. The question of whether Jones’ habeas petition was timely under that section is moot because we find the application of section 95.11(5)(f) to habeas petitions unconstitutional. We quash • the decision of the Fourth District below and approve of the decisions of the First and Second District Courts of Appeal.
It is so ordered.
PARIENTE, LEWIS, QUINCE, LABARGA, and PERRY, JJ., concur.
CANADY, C.J., and Polston, J., dissent with opinions.