POLSTON, J.,
dissenting.
Although I would quash the decision of the Fourth District Court of Appeal below, I would not address the constitutionality of applying section 95.11(5)(f), Florida Statutes (2008), to habeas petitions. Instead, I would hold that section 95.11(5)® does not bar habeas petitions challenging present detention.
Section 95.11(5)® provides that “a petition for extraordinary writ, other than a petition challenging a criminal conviction, filed by or on behalf of a prisoner” must be filed within one year. In addition, section 95.081, Florida Statutes (2008), provides that “the time within which an action shall be begun under any statute of limitations runs from the time the cause of action accrues.” Section 95.031(1), Florida Statutes (2008), further states that “[a] cause of action accrues when the last element constituting the cause of action occurs.”
Based upon this statutory language, it is not clear that the Legislature intended the one-year limitation for filing a habeas petition to begin to run on the date of revocation of parole or conditional release as the Parole Commission argues. To the contrary, this Court has explained that “[t]he purpose of a habeas corpus proceeding is to inquire into the legality of the petitioner’s present detention.” Sneed v. Mayo, 69 So.2d 653, 654 (Fla.1954) (emphasis added); see also McCrae v. Wainwright, 439 So.2d 868, 870 (Fla.1983) (“The purpose of the ancient and high prerogative writ of habeas corpus is to inquire into the legality of a prisoner’s present detention.”); Cole v. State, 714 So.2d 479, 492 (Fla. 2d DCA 1998) (“A writ of habeas corpus may be employed to secure the release of a person who is being unlawfully detained.”); Mann v. Wainwright, 191 So.2d 867, 868 (Fla. 1st DCA 1966) (“The function of habeas corpus is to test the legality of a petitioner’s present detention.”). Therefore, as ruled by the First District Court of Appeal in Martin v. Florida Parole Commission, 951 So.2d 84 (Fla. 1st DCA 2007), it appears that the one-year statutory limitation cannot begin to run as long as the petitioner is presently detained.[1] A new cause of action essentially accrues each day that a prisoner is illegally detained. Cf. Millender v. Fla. Dep’t of Transp., 774 So.2d 767, 769 (Fla. 1st DCA 2000) (“[T]he statute of limitations, in a continuing tort action, runs from the time of the last tortious act.”). '
This analysis would be different if section 95.11(5)® included specific times when a cause of action subject to its limitation accrues. The Legislature clearly could have chosen to delineate such time-lines. For instance, the federal statute provides very specific guidelines regarding when the one-year limitation on filing federal habeas petitions begins to run. See 28 U.S.C. § 2244(d)(1) (2006) (providing that “[t]he limitation period shall run from the latest of ... (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time seeking such review; ... or (D) the date on which the factual predicate of the claim or claims presented could have been dis *714 covered through the exercise of due diligence” among others).
Section 95.11(5)(f) does not similarly specify when the statutory limitation begins to run; therefore, it does not bar habeas petitions from prisoners currently detained. Because I do not believe it is necessary to address the constitutionality of applying section 95.11(5)(f) to habeas petitions, I respectfully dissent.

. I do not share Justice Canady’s concern that this interpretation of section 95.11(5)(f) reads the statutory limitation out of existence. The one-year limitation applies to other extraordinary writs, including writs of mandamus. See Head v. McNeil, 975 So.2d 583 (Fla. 1st DCA 2008) (applying section 95.11(5)(f) to a prisoner’s petition for writ of mandamus); Canete v. Fla. Dep’t of Con., 967 So.2d 412 (Fla. 1st DCA 2007) (same).