EDWARDS, J.
Dawn Lund (“Petitioner”), who is currently receiving involuntary residential substance abuse treatment at Project Warm, in Flagler County, pursuant to a court order, seeks a writ of habeas corpus directing Project Warm to immediately release her. On June 4, 2015, the lower court entered an order for involuntary substance abuse treatment pursuant to the Marchman Act.[1] The order specified that it would be effective for 60 days; thus, her commitment for treatment was scheduled *284 to end August 3, 2015. The lower court granted a petition for renewal of the involuntary treatment order over Petitioner’s objection that it was untimely filed. Petitioner has been and remains in the care and custody of Project Warm. We agree that the petition for renewal was untimely filed and that the lower court erred in ordering Petitioner’s continued involuntary commitment. Accordingly, we quash that order and direct that Petitioner be immediately released from her involuntary residential treatment at Project Warm.
On July 31, 2015, Petitioner’s case manager filed a petition for renewal of the involuntary treatment order. The petition for renewal alleged that Petitioner had an “opiate dependence” and that, while Petitioner has made some progress, additional time in a residential program was required if she was to maintain sobriety. The petition alleged that Petitioner is at high risk for relapse and has not developed the necessary coping skills.
On August 6, 2015, the lower court heard arguments on the petition. Petitioner’s counsel moved to dismiss the petition as untimely because, pursuant to section 397.6975(1), Florida Statutes:
[wjhenever a service provider believes that an individual who is nearing the scheduled date of release from involuntary treatment continues to meet the criteria for involuntary treatment in section 397.693, a petition for renewal of the involuntary treatment order may be filed with the court at least 10 days before the expiration of the court-ordered treatment period.
Petitioner argued that the 60-day treatment period referenced in the June 4, 2015 order was scheduled to expire on August 3, 2015; therefore, the petition for renewal of involuntary treatment order should have been filed by July 24, 2015. After hearing arguments, the lower court found that the wording of the statute is confusing because the phrase “may file” is used instead of “shall file.” The lower court denied the motion to dismiss and extended treatment for 90 days.
“Habeas corpus is the traditional remedy used to obtain a person’s release from an illegal order of involuntary commitment.” MacNeil v. State, 586 So.2d 98, 99 (Fla. 5th DCA 1991). “Statutes which authorize the deprivation of an individual’s liberty must be strictly construed.” Lee v. State, 546 So.2d 436, 437 (Fla. 5th DCA 1989).
Pursuant to section 397.6977, at the conclusion of a 60-day period of court-ordered involuntary treatment, the individual is to be automatically discharged unless a motion for' renewal of the involuntary treatment order is filed. While seeking renewal of involuntary treatment is permissive given the use of the word “may,” section 397.6975(1) makes it clear that any petition for renewal will be considered timely only if it is “filed with the court at least 10 days before the expiration of the court-ordered treatment period.” We have previously held that similarly expressed time limitations for permissive motions are mandatory. See, e.g., Smith v. State, 113 So.3d 110, 111 (Fla. 5th DCA 2013).
Because the petition for renewal of the involuntary treatment order was untimely filed, we grant the petition, quash the lower court’s order of continued commitment, and order the Petitioner to be immediately released by Project Warm from her involuntary residential commitment. We express no opinion as to whether other options, consistent with Petitioner’s due process rights, may exist to promptly consider and address the concerns that were *285 expressed in the petition for renewal of her involuntary treatment.
PETITION GRANTED.
TORPY and WALLIS, JJ., concur.

. §§ 397.693-.697, Fla. Stat. (2013).