IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

J. W.,

       Appellant,

                                 Case No.  5D21-2299

 v.                             LT Case No. 2021-MH-004110-O

R. W.,

       Appellee.

_____/

Opinion filed December 2, 2022

Appeal from the Circuit Court
for Orange County,
Leticia J. Marques, Judge.

Jacob V. Stuart, Jr., of The Law
Office of Jacob V. Stuart, P.A., Orlando
and Christopher R. Kaigle, of The Kaigle
Law Firm P.A., Orlando, for Appellant.

R. W., Oviedo, pro se.

WALLIS, J.

J.W. appeals the trial court's order granting R.W.'s petition for Involuntary Assessment and Stabilization under the Marchman Act. J.W. argues that the trial court erred by granting the petition without hearing testimony from the qualified professional who executed the involuntary assessment, as required by sections 397.6957(1) and (3), Florida Statutes (2021). We agree and reverse.

We review de novo the order for involuntary substance abuse treatment under chapter 397. J.C. v. State, 293 So. 3d 627, 628 (Fla. 5th DCA 2020). Chapter 397, otherwise known as the Hal S. Marchman Alcohol and Other Drug Services Act, "explicitly places the burden of proof on the petitioner to establish the requirements for involuntary treatment by clear and convincing evidence." Id. (citing § 397.6957(2), Fla. Stat. (2019)). Section 397.6957, which governs the procedure for the evidentiary hearing on a petition for involuntary services, states that a petitioner *must* present witness testimony, under oath, from "one of the qualified professionals who executed the involuntary services certificate." § 397.6957(3), Fla. Stat. Additionally, "the court shall hear and review all relevant evidence, including the review of results of the assessment completed by the qualified professional in connection with the respondent's protective custody, emergency admission,

involuntary assessment, or alternative involuntary admission." §
397.6957(1), Fla. Stat.

In this case, the record on appeal reflects that Tennille Gordon, a licensed mental health counselor, was the qualified professional who conducted the assessment pursuant to chapter 397 and recommended involuntary treatment for J.W. Upon conducting the assessment, Gordon prepared and executed a Qualified Professional Certificate that contained her findings and the reason for her recommendation. However, the transcripts from the hearing on R.W.'s petition do not show that Gordon ever testified as required by the statute.[1] Moreover, the transcripts do not indicate that Gordon's certified assessment was ever offered or admitted into evidence at the hearing. Thus, as J.W. argued below and on appeal, R.W.'s failure to present testimony from Gordon and to offer the certified assessment into evidence fails to satisfy the burden of proof required by sections 397.6957(1) and (3).[2] See J.C., 293 So. 3d at 628–29 (reversing

---

[1] The hearing on the petition took place over two days with the parties and their witnesses appearing remotely.

[2] Notably, J.W.'s attorney filed a written closing argument after the hearing arguing that R.W. failed to meet her burden of proof by failing to present testimony from Gordon, and further arguing that testimony from other medical professionals who did not execute the certified assessment was insufficient to meet the statutory requirement.

3

and remanding order for involuntary treatment because trial court deviated from express requirement of section 397.6957); see also Lund v. Project Warm, 177 So. 3d 283, 284 (Fla. 5th DCA 2015) (quashing trial court's order for continued commitment under chapter 397 and explaining that "[s]tatutes which authorize the deprivation of an individual's liberty must be strictly construed").

Because the record on appeal does not show that the trial court considered Gordon's certified assessment or that it heard testimony from any other qualified professional that executed that assessment, we reverse the trial court's order and remand for a new hearing.

REVERSED AND REMANDED WITH INSTRUCTIONS.


SASSO and TRAVER, JJ., concur.