689 So.2d 1178 (1997)
Ruth Elizabeth GENTZEN, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2189.
District Court of Appeal of Florida, First District.
March 10, 1997.
Rehearing Denied April 7, 1997.
Nancy A. Daniels, Public Defender; Carol Ann Turner, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; L. Michael Billmeier and Edward C. Hill, Jr., *1179 Assistant Attorneys General, Tallahassee, for Appellee.
WEBSTER, Judge.
Appellant seeks review of a non-final order finding her incompetent, because of mental illness, to proceed in the criminal case filed against her; and committing her, pursuant to section 916.13(1), Florida Statutes (1995), to the custody of the Department of Health and Rehabilitative Services for placement in a mental health facility. She does not challenge the finding of incompetence; rather, she complains only that the trial court should have considered less restrictive alternative treatment placements. The state contends that we lack jurisdiction to hear this appeal and that, therefore, we must dismiss it. We agree and, accordingly, dismiss the appeal for lack of jurisdiction.
Orders such as that which is the subject of this appeal are non-final, because they merely postpone further proceedings. Fla.R.Crim.P. 3.212. See Ozbourn v. State, 651 So.2d 795 (Fla. 1st DCA 1995) (order finding defendant incompetent to stand trial is interlocutory in nature). Article V, section 4(b)(1), of the Florida Constitution vests in the district courts of appeal jurisdiction to review non-final orders only "to the extent provided by rules adopted by the supreme court."
Florida Rule of Appellate Procedure 9.030(b)(1)(B) provides that the district courts of appeal possess jurisdiction to review "non-final orders of circuit courts as prescribed by rule 9.130." In turn, rule 9.130(a)(2) provides that "[r]eview of non-final orders in criminal cases shall be as prescribed by rule 9.140." Although the state is permitted to take an appeal from an order "finding a defendant incompetent or insane" pursuant to rule 9.140(c)(1)(H), no corresponding provision is found in rule 9.140(b), which lists those appeals a defendant may take in a criminal case. We have not been able to find any other rule which would support the conclusion that we possess jurisdiction to hear this appeal, and appellant has cited none. Accordingly, we conclude that we lack jurisdiction.
The fact that we lack jurisdiction to hear this appeal does not leave appellant without a means by which to obtain review of the order in question. The means traditionally employed for such purpose has been a petition for writ of habeas corpus. MacNeil v. State, 586 So.2d 98 (Fla. 5th DCA 1991). The district courts of appeal have jurisdiction to issue writs of habeas corpus. Art. V, § 4(b)(3), Fla. Const. However, the preferable course in most cases is to file a petition seeking a writ of habeas corpus in the circuit court for the county in which the defendant is being detained, because that court is in a better position to conduct any evidentiary hearing which might prove necessary. Such is the case here. Accordingly, we decline to treat this appeal as a petition for a writ of habeas corpus.
APPEAL DISMISSED.
LAWRENCE and PADOVANO, JJ., concur.