712 So.2d 1206 (1998)
John PATTON, Appellant,
v.
STATE of Florida, Appellee.
No. 97-252.
District Court of Appeal of Florida, First District.
June 22, 1998.
*1207 Nancy A. Daniels, Public Defender, and Carol Ann Turner, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Charmaine M. Millsaps, Assistant Attorney General, Tallahassee, for Appellee.
BARFIELD, Chief Judge.
Patton filed a notice of appeal seeking review of an order committing him to the custody of the Department of Health and Rehabilitative Services (HRS) after a determination that he was incompetent to proceed. We find that a petition for common law certiorari is appropriate to review the matter. Accordingly, we elect to treat the initial brief and record on appeal as a petition for writ of certiorari and appendix. We conclude, however, that Patton was not denied the essential requirements of law and the petition is denied.
Patton was arrested for the murder of his wife. Defense counsel filed motions to have his mental condition evaluated. After a hearing conducted on August 26, 1996, the trial judge entered an order noting that the examining experts found Patton to be incompetent to stand trial and that the state did not oppose a finding of incompetency. A hearing was scheduled to determine appropriate placement.
At the continued hearing on October 10, 1996, Dr. Mahtre, a psychiatrist, testified that Patton is incompetent primarily because of his age and senility. Dr. Mahtre recommended that Patton be placed in a local Adult Living Facility (ALF). Forensic psychologist William Lennon submitted a written report in which he stated that Patton met the criteria for involuntary commitment, but opined that the best placement for Patton would be the ALF in Columbia County. The trial judge expressed concern about placing Patton in a facility which had no security. The trial judge subsequently entered the order finding Patton incompetent to proceed and committing Patton to the custody of HRS, pursuant to section 916.13, Florida Statutes.
As this court has recognized:
Orders such as that which is the subject of this appeal are non-final, because they merely postpone further proceedings. Fla. R.Crim.P. 3.212. See Ozbourn v. State, 651 So.2d 795 (Fla. 1st DCA 1995) (order finding defendant incompetent to stand trial is interlocutory in nature). Article V, section 4(b)(1), of the Florida Constitution vests in the district courts of appeal jurisdiction to review non-final orders only "to the extent provided by rules adopted by the supreme court."
Florida Rule of Appellate Procedure 9.030(b)(1)(B) provides that the district courts of appeal possess jurisdiction to review "non-final orders of circuit courts as prescribed by rule 9.130." In turn, rule 9.130(a)(2) provides that "[r]eview of non-final orders in criminal cases shall be as prescribed by rule 9.140." Although the state is permitted to take an appeal from an order "finding a defendant incompetent *1208 or insane" pursuant to rule 9.140(c)(1)(H), no corresponding provision is found in rule 9.140(b), which lists those appeals a defendant may take in a criminal case.
Gentzen v. State, 689 So.2d 1178, 1179 (Fla. 1st DCA 1997).
In Vasquez v. State, 496 So.2d 818 (Fla. 1986), Vasquez was found incompetent to stand trial in 1979. In 1984, Vasquez's counsel moved to dismiss the charges pending against his client pursuant to Florida Rule of Criminal Procedure 3.213(b). The trial court denied the motion to dismiss. The district court declined to reach the case's merits and dismissed the appeal. The supreme court held that he was entitled to a review of the trial court's determination on the motion to dismiss criminal charges. Even though direct appeal was not authorized, the supreme court found that a petition for common law certiorari is appropriate to review the matter: "If we ruled otherwise, an individual found incompetent to stand trial would have no appellate review of the evidence's sufficiency on this issue and would effectively be placed in permanent commitment.... Review by common law certiorari is necessary to ensure the trial court's proper application of those constitutional mandates to an incompetent accused."
In MacNeil v. State, 586 So.2d 98 (Fla. 5th DCA 1991), MacNeil filed a petition for writ of habeas corpus with the Fifth District Court of Appeal seeking release from the custody of HRS. MacNeil argued he had been improperly involuntarily committed pursuant to section 916.13. The district court noted that habeas corpus is the traditional remedy used to obtain a person's release from an illegal order of involuntary commitment. Because the trial court failed to comply with the requirements of section 916.13(1) and rule 3.211, the order of commitment was vacated.
In Gentzen v. State, 689 So.2d 1178 (Fla. 1st DCA 1997), Gentzen was found incompetent to proceed and was committed pursuant to section 916.13(1) to the custody of HRS for placement in a mental health facility. Gentzen filed a notice of appeal with this court. She did not challenge the finding of incompetence, but only complained that the trial court should have considered less restrictive alternative treatment placements. It was determined, as noted above, that this court lacked jurisdiction to consider an appeal. It was noted that the fact that the court lacked jurisdiction to hear the appeal did not leave Gentzen without a means by which to obtain review of the order in question, because the traditional means employed for such purpose has been a petition for writ of habeas corpus. The panel noted that the "preferable course in most cases is to file a petition seeking a writ of habeas corpus in the circuit court for the county in which the defendant is being detained, because that court is in a better position to conduct any evidentiary hearing which might prove necessary. Such is the case here."
Although the panel of judges in Gentzen determined that the preferable course in that case was for the defendant to file a petition seeking a writ of habeas corpus in the circuit court, that decision obviously does not foreclose this court from exercising its original jurisdiction. Patton has raised no issue before this court which requires an evidentiary hearing. We therefore elect to treat this matter as a petition for writ of certiorari.
Patton argues that he does not meet the criteria for involuntary commitment. As he notes, the criteria for involuntary commitment of a criminal defendant are found in section 916.13, Florida Statutes, and the procedures for commitment are set forth in Rule 3.212, Florida Rules of Criminal Procedure. Section 916.13(1) provides that a defendant adjudicated incompetent to stand trial may be involuntarily committed for treatment upon a finding by the court of clear and convincing evidence that: (1) he is mentally ill; (2) there is a substantial likelihood that in the near future he will inflict serious bodily harm on himself or another person, as evidenced by recent behavior causing, attempting, or threatening such harm; and (3) all available, less restrictive treatment alternatives have been judged to be inappropriate. The record supports the determination by the trial judge that Patton met the statutory criteria for involuntary commitment.
*1209 Patton next argues that the trial judge erred in involuntarily committing him because the provisions of Rule 3.212(c)(3)(A) were not satisfied. Rule 3.212(c) provides, in relevant part:
(c) Commitment on Finding of Incompetence. If the court finds the defendant is incompetent to proceed ..., the court shall consider issues relating to treatment necessary to restore or maintain the defendant's competence.
(1) The court may order the defendant to undergo treatment if the court finds that the defendant is mentally ill or mentally retarded and is in need of treatment and that treatment appropriate for the defendant's condition is available....
. . . . .
(3) A defendant may be committed for treatment to restore a defendant's competence to proceed if the court finds that:
(A) the defendant meets the criteria for commitment as set forth by statute;
(B) there is a substantial probability that the mental illness or mental retardation causing the defendant's incompetence will respond to treatment and that the defendant will regain competency to proceed in the reasonably foreseeable future;
(C) treatment appropriate for restoration of the defendant's competence to proceed is available; and
(D) no appropriate treatment alternative less restrictive than that involving commitment is available.
The trial judge in the present case did consider whether there is a substantial probability that the mental illness would respond to treatment, whether treatment appropriate for restoration of competence to proceed was available, and whether a less restrictive alternative treatment was available. Patton was 99 years old when he killed his wife. The experts agree that he suffers from senility and that there is no treatment that will improve the condition.
Nothing in chapter 916 requires that a treatment for the mental illness, in the sense of a restoration of competency, be available before a defendant may be involuntarily committed. Section 916. Section 916.107(4), relating to quality of treatment, provides:
Each patient committed pursuant to this chapter shall receive treatment suited to his needs, which shall be administered skillfully, safely, and humanely with full respect for his dignity and personal integrity. Each patient shall receive such medical, vocational, social, educational, and rehabilitative services as his condition requires to bring about an early return to his community. In order to achieve this goal, the department is directed to coordinate its forensic mental health and mental retardation programs with all other programs of the department and other appropriate state agencies.
Although the procedural rule requires certain findings in order for a defendant to be involuntarily committed for treatment to restore competence, the procedural rule does not preclude commitment of a defendant pursuant to section 916.13(1) in situations when no treatment is available.
DENIED.
JOANOS and KAHN, JJ., concur.