PER CURIAM.
Petitioner seeks mandamus relief from an amended order of the Broward County circuit court, transferring his petition for writ of habeas corpus to the Alachua County circuit court. We grant the petition, quash the order, and direct the Bro-ward County circuit court to exercise jurisdiction over the habeas petition.
The Broward circuit court’s transfer was based on its conclusion that it lacked jurisdiction because Petitioner is being detained in Alachua County. Mandamus is properly used to test the correct *463 ness of a lower tribunal’s determination that it lacks jurisdiction. See Pino v. Dist. Court of Appeal, Third Dist., 604 So.2d 1232 (Fla.1992).
Petitioner was charged with a felony in the Broward County circuit court. That court adjudicated him incompetent to proceed and involuntarily committed him under section 916.13, Florida Statutes (2001), to the Department of Children and Family Services to be placed in a mental health treatment facility. Petitioner challenged the legality of his involuntary commitment by filing a petition for writ of habeas corpus with the Broward circuit court under section 916.107(9)(a), Florida Statutes (2001). A prior version of section 916.107(9)(a) has been interpreted to require that such a challenge be made by habeas petition filed in the circuit court in the county where the defendant is being detained. See, e.g., Gentzen v. State, 689 So.2d 1178 (Fla. 1st DCA 1997); McLelland v. State, 368 So.2d 673 (Fla. 1st DCA 1979). However, the statute was amended in 1998 to provide that the committing court be requested to issue the writ of release. See Ch. 98-92, § 7, at 712, Laws of Fla.
It was the Broward County circuit court that adjudged Petitioner incompetent to proceed in his criminal case and involuntarily committed him. Under the current version of the statute, as the state properly concedes, the circuit court in Broward County has jurisdiction to entertain the habeas petition filed below. We therefore grant the instant petition for mandamus and direct that court to exercise its jurisdiction.
WARNER, SHAHOOD and HAZOURI, JJ., concur.