PER CURIAM.
 

 Thomas R. Horton, a criminal defendant in circuit court who was previously adjudicated incompetent to proceed to trial, filed a petition for writ of habeas corpus in this court seeking review of the order of the trial court committing him to the state hospital. Horton alleges that he is being illegally detained because he does not meet the criteria for involuntary commitment as outlined in section 916.13(1), Florida Statutes (2011). We previously granted the petition by order with directions that if the State did not initiate civil commitment proceedings, the trial court should release Horton on appropriate conditions pursuant to Florida Criminal Rule of Procedure 3.212(d).
 
 [1]
 
 We write to explain our reasoning in this instance.
 

 If there is an issue regarding a defendant’s competency, at least two mental health experts must examine the defendant to determine whether he is competent to proceed to trial. § 916.12(2). If a felony defendant is adjudged to be incompetent, section 916.13(1) sets forth the conditions that must be met before that defendant
 
 *440
 
 can be involuntarily committed. Among other things, it requires the court to find by clear and convincing evidence that “[tjhere is a substantial probability that the mental illness causing the defendant’s incompetence will respond to treatment and the defendant will regain competency to proceed in the reasonably foreseeable future.” § 916.13(l)(c).
 

 Here, both appointed experts testified that it was unlikely that Horton could ever be restored to competency. In the order of involuntary commitment, the trial court found that a “witness testified that the Defendant might be restored to competency in the state hospital.”
 
 [2]
 
 The finding that Horton “might” be restored to competency is neither supported by the evidence nor does it satisfy the statutory requirement of clear and convincing evidence that there be a “substantial probability” that the petitioner will regain competency in the foreseeable future. Accordingly, Horton’s commitment was not authorized by section 916.13(1).
 
 See Oren,
 
 940 So.2d at 1273;
 
 Abreu-Gutierrez,
 
 1 So.3d at 265-66. For this reason, we granted the petition for writ of habeas corpus.
 

 Petition granted.
 

 ALTENBERND, KELLY, and CRENSHAW, JJ., Concur.
 

 [1]
 

 . Typically we would convert this habeas petition to a petition for writ of certiorari.
 
 See Oren
 
 v.
 
 Judd,
 
 940 So.2d 1271, 1272 (Fla. 2d DCA 2006) (citing
 
 Patton v. State,
 
 712 So.2d 1206 (Fla. 1st DCA 1998));
 
 see also Abreu-Gutierrez
 
 v.
 
 James,
 
 1 So.3d 262, 266 (Fla. 4th DCA 2009). Treating it as a petition for writ of certiorari rather than habeas corpus would avoid any problems that would arise if, during the pendency of the proceeding, the petitioner was transported outside of the territorial jurisdiction of this court for purposes of treatment. A challenge to an order of the trial court improperly committing a defendant for the purpose of restoring his competency may, however, be raised in a habeas proceeding.
 
 See, e.g., Graham v. Jenne,
 
 837 So.2d 554, 555 (Fla. 4th DCA 2003). Because Horton's petition was not timely filed as a petition for writ of certiorari, we review it pursuant to our habeas jurisdiction.
 

 [2]
 

 . One of the experts testified that it was possible that Horton could be restored to competency if there was some new type of treatment that had not been tried before, but that because of Horton's history of not responding and his inability to benefit from competency training, this was highly doubtful.