# Third District Court of Appeal

## State of Florida

Opinion filed October 14, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1030
Lower Tribunal No. 12-29665
_____


**Luis Matamoros,**
Petitioner,

vs.

**Infinity Auto Insurance Company,**
Respondent.


A Case of Original Jurisdiction -- Mandamus.

Montes & Associates, P.L., and Juan C. Montes (Miramar); Marlene S. Reiss, for petitioner.

Butler, Weihmuller, Katz & Craig, LLP, and Anthony J. Russo, Ezequiel Lugo and Lewis F. Collins, Jr. (Tampa), for respondent.


Before ROTHENBERG, FERNANDEZ and SCALES, JJ.

SCALES, J.

Petitioner Luis Matamoros, the plaintiff below, seeks a writ of mandamus to compel the circuit court to adjudicate his motion for rehearing, filed on June 25, 2013. In the alternative, Matamoros seeks certiorari review of the trial court's April 6, 2015 order in which the trial court determined that it lacked subject matter jurisdiction to adjudicate his June 25, 2013 motion for rehearing. Because this motion was an authorized motion for rehearing pursuant to rule 1.530 of the Florida Rules of Civil Procedure, and not a second motion for rehearing,[1] we grant the writ of mandamus, and direct the trial court to exercise jurisdiction and hear Matamoros's June 25, 2013 motion for rehearing. We deny as moot the petition seeking certiorari relief.

**I. Statement of the Case**

On June 4, 2012, Matamoros's vehicle – which was insured under a commercial automobile liability policy issued by Respondent Infinity Auto Insurance Company, the defendant below – was involved in a collision with a third party. At the time of the accident, Matamoros was a passenger in his own vehicle, which was being driven by mechanic Julian Guzman, with Matamoros's consent.

Matamoros reported the accident to Infinity, which denied coverage based on a policy provision that, according to Infinity, excludes liability insurance

---

[1] A second motion for rehearing generally is prohibited. <u>Balmoral Condo. Ass'n v. Grimaldi</u>, 107 So. 3d 1149, 1151-52 (Fla. 3d DCA 2013).

2

coverage for the accident. Nonetheless, Matamoros received an August 23, 2012 subrogation demand letter from the insurer of a party involved in the accident.

In response to the denial of coverage, Matamoros filed a two-count complaint against Infinity. In count I of his complaint, Matamoros sought a declaration pursuant to Chapter 86, Florida Statutes, that the insurance policy issued by Infinity provided liability coverage for the June 4, 2012 accident. In count II of his complaint, Matamoros alleged that Infinity had breached its contract of insurance by its denial of coverage for the accident.

Both parties filed motions for summary judgment based on the language of the subject insurance policy. On April 1, 2013, the trial court held a hearing on the parties' motions for summary judgment. At the time of the hearing, Mr. Guzman's deposition had not yet been transcribed.

On April 22, 2013, the trial court entered an order provisionally granting Infinity's motion for summary judgment and denying Matamoros's motion for summary judgment. The trial court's order expressly granted Matamoros leave to file a motion for rehearing once the Guzman deposition transcript had been filed.

On May 2, 2013, Matamoros filed the "invited" motion for rehearing along with the Guzman deposition transcript. In this May 2, 2013 motion, Matamoros argued that the Guzman transcript provided record evidence that the policy

3

exclusion relied upon by Infinity to deny coverage for the accident was inapplicable under the circumstances.

On May 22, 2013, the trial court held oral argument on Matamoros's May 2, 2013 motion for rehearing, and on June 20, 2013, the trial court entered an order granting Matamoros's motion for rehearing, and then set aside the trial court's April 22, 2013 order that had granted summary judgment to Infinity.

In that same June 20, 2013 order, the trial court also, *sua sponte*, dismissed Matamoros's complaint, without prejudice. While the rationale for this *sua sponte* dismissal is not entirely clear from the record, it appears from the transcript of the May 22, 2013 hearing and the language of the order, that the trial court determined that Matamoros's declaratory judgment and breach of contract claims were not yet ripe for adjudication.

It appears the trial court determined that, absent an actual lawsuit filed against Matamoros by one or more of the parties involved in the June 2012 accident, the trial court was without jurisdiction to adjudicate Matamoros's claims.

We base this inference not only on the transcript from the May 22, 2013 hearing, but also on paragraph 4 of the trial court's June 20, 2013 order which reads, in relevant part, as follows: "This Court finds that should there arise a lawsuit against the Plaintiff based upon the automobile accident of June 4, 2012,

4

Infinity Auto Insurance Company may have an obligation to defend or indemnify the plaintiff depending on the allegations of said lawsuit . . . ."

In essence, the trial court's June 20, 2013 order determined that Matamoros's claims against his insurer were premature; and that any claims would ripen only upon the filing of a lawsuit against Matamoros by the parties allegedly suffering injury from the June 4, 2012 accident.

On June 25, 2013, Matamoros filed a motion for rehearing pursuant to rule 1.530 of the Florida Rules of Civil Procedure. Unlike Matamoros's May 2, 2013 "invited" motion for rehearing, his June 25, 2013 motion for rehearing did not argue the merits of the underlying action or whether the policy provision was applicable to exclude liability coverage for the accident. Rather, this motion for rehearing addressed an entirely different issue: the trial court's *sua sponte* determination that it lacked jurisdiction to adjudicate the underlying coverage dispute.

Eventually – on February 3, 2015 – Matamoros filed a submission styled, "Plaintiff's Motion To Determine Jurisdiction & Memorandum In Support of Plaintiff's Motion for Rehearing." Infinity responded by maintaining that the trial court lacked jurisdiction to hear Matamoros's June 25, 2013 motion for rehearing because that motion essentially constituted an unauthorized second motion for rehearing. In other words, Infinity argued that once the trial court entered its June

20, 2013 order which, *sua sponte*, dismissed Matamoros's complaint without prejudice, the trial court was divested of jurisdiction. On April 6, 2015, a successor trial judge[2] agreed with Infinity's position.

Matamoros brought the instant petition seeking a writ of mandamus to compel the successor trial judge to adjudicate his June 25, 2013 motion for rehearing or, in the alternative, a writ of certiorari to quash the successor trial judge's April 6, 2015 order.

**II. Analysis**

We begin our analysis by noting that mandamus is appropriate to compel the circuit court to exercise its jurisdiction. Franklin v. Kearney, 814 So. 2d 462 (Fla. 4th DCA 2001); Cooper v. Gordon, 389 So. 2d 318 (Fla. 3d DCA 1980).

The issue before us is whether Matamoros's June 25, 2013 motion for rehearing – directed toward the trial court's June 20, 2013 order – was an authorized motion for rehearing, as contemplated by Rule 1.530, or a prohibited second motion for rehearing.

Infinity's argument relies on the well-established and unassailable rule that prohibits successive motions for rehearing. Balmoral Condo Ass'n, 107 So. 3d at 1149; Capital Bank v. Knuck, 537 So. 2d 697 (Fla. 3d DCA 1989) (Mem). Infinity argues that, because the trial court's June 20, 2013 order was the product of

---

[2] The trial judge who had entered the June 20, 2013 order subsequently recused himself.

6

Matamoros's first motion for rehearing, then any motion directed toward that June 20, 2013 order would constitute an unauthorized second motion for rehearing.

Given the unusual procedural posture of this case, we decline to adopt Infinity's perspective. In its April 22, 2013 order, the trial court granted summary judgment to Infinity, but invited a motion for rehearing from Matamoros. In its succeeding June 20, 2013 order, the trial court set aside the grant of summary judgment and dismissed the case, apparently because the trial court found the claims raised by Matamoros were not yet ripe. Because the trial court's second order veered from the scope and substance of its first order – changing, *sua sponte*, the entire basis of its ruling – Matamoros's second motion for rehearing was not successive. Therefore, we view the instant case in the same context as those cases in which appellate courts have allowed a second motion for rehearing when an opinion, rendered after an initial rehearing motion, changes the entire basis of the first ruling. Dade Fed. Sav. & Loan Ass'n v. Smith, 403 So. 2d 995, 999 (Fla. 1st DCA 1981).

Clearly, the trial court's *sua sponte* dismissal of Matamoros's complaint on ripeness grounds – after having granted Matamoros's motion for rehearing and having set aside its summary judgment order – constitutes a change in the entire basis of the initial ruling, so that Matamoros's June 25, 2013 motion for rehearing should not be deemed successive and unauthorized.

7

### III. Conclusion

Given our determination that Matamoros's June 25, 2013 motion for rehearing was authorized, the trial court continues to exercise jurisdiction over this case.[3] We grant the writ of mandamus, and direct the trial court to exercise jurisdiction and hear Matamoros's June 25, 2013 motion for rehearing. We deny as moot the petition for writ of certiorari.[4]

Petition for writ of mandamus granted.

---

[3] Fla. R. App. P. 9.020(i).

[4] We express no opinion as to the merits of the motion for rehearing.