DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

CHARITY NOELLE WOOD,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D23-1927

_____

April 3, 2024

Appeal from the Circuit Court for Pinellas County; Pat Siracusa, Judge.

VILLANTI, Judge.

Charity Noelle Wood appeals from an order striking her petition for writ of habeas corpus. For the reasons explained below, we reverse.

Ms. Wood was charged with a third-degree felony alleged to have been committed in Pinellas County, Florida, in May 2022. On March 16, 2023, the trial court found her incompetent to proceed and committed her to the Department of Children and Families (Department) for placement in a mental health treatment facility pursuant to section 916.13, Florida Statutes (2022). Ms. Wood was subsequently admitted to the Florida State Hospital in Chattahoochee, Florida.

On August 4, 2023, Ms. Wood filed a petition for writ of habeas corpus in the Pinellas County Circuit Court. The trial court struck the petition for two reasons. First, the court ruled that because Ms. Wood was represented by counsel, her pro se pleading was a nullity. (Citing *Murray v. State*, 1 So. 3d 407, 408 (Fla. 2d DCA 2009) ("A defendant does not have the right to file pro se motions while also represented by counsel, and such motions should be treated as nullities unless they unequivocally seek to discharge counsel.").) Second, the court ruled that it did not have the authority to rule on the petition because Ms. Wood's place of confinement was not within the trial court's territorial jurisdiction. (Citing *Valdez-Garcia v. State*, 965 So. 2d 318, 322 (Fla. 2d DCA 2007) ([H]olding that the sentencing court did not have jurisdiction to consider a petition for habeas corpus when the prisoner was incarcerated in a different county).) The trial court also found that Ms. Wood's commitment to the mental health treatment facility was authorized by its March 16, 2023, order "and is therefore lawful."

Both of the trial court's reasons for striking Ms. Wood's petition are incorrect.[1] Section 916.107(9)(a) states, in pertinent part:

(9) HABEAS CORPUS.

(a) At any time, and without notice, <u>a forensic client</u>[2] detained by a facility, or a relative, friend, guardian, representative, or attorney on behalf of such client, may petition for a writ of habeas corpus to question the cause and legality of

---

[1] Under certain circumstances, the trial court's rationale would be correct. However, the result in this case is dictated by section 916.107, which gives specific rights to defendants who have been placed in a forensic facility as a result of having been found incompetent to proceed.

[2] " 'Forensic client' . . . means any defendant who has been committed to the department or agency pursuant to s. 916.13, s. 916.15, or s. 916.302." § 916.106(9).

such detention and request that the committing court issue a writ for release. Each client shall receive a written notice of the right to petition for a writ of habeas corpus.

(Emphasis added.) As the statute states, a habeas petition challenging an involuntary commitment to a State mental treatment facility may be brought by the forensic client herself or a party acting on behalf of the client. Moreover, the statute specifically gives the petitioner the right "to . . . request that the committing court issue a writ for release." *Id.* (emphasis added); *see also Lewis v. James*, 88 So. 3d 381, 381 (Fla. 1st DCA 2012) ("[O]nly the committing court has jurisdiction to entertain [a] habeas petition challenging [the] legality of [an] involuntary commitment." (citing *Franklin v. Kearney*, 814 So. 2d 462, 463 (Fla. 4th DCA 2001))).

In the instant case, Ms. Wood's petition—albeit difficult to read—appears to contain allegations challenging the cause and legality of her detention. Accordingly, we reverse the order striking the petition and remand for the trial court to reconsider Ms. Wood's petition on its merits.

Reversed and remanded.

SLEET, C.J., and LABRIT, J., Concur.

_____

Opinion subject to revision prior to official publication.