# Third District Court of Appeal

## State of Florida

Opinion filed September 17, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1488
Lower Tribunal Nos. F18-18956, F20-10326, & F25-6441

_____

**Daryl McGee,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Laura Anne Stuzin and Zachary James, Judges.

Carlos Martinez, Public Defender, and Manuel Alvarez, Assistant Public Defender for Petitioner.

James Uthmeier, Attorney General, and Sandra Lipman, Senior Assistant Attorney General, for Respondent.

Before EMAS, MILLER, and BOKOR, JJ.

MILLER, J.

Petitioner, Daryl McGee, seeks a writ of certiorari quashing an order involuntarily committing him for competency restoration treatment pursuant to section 916.13, Florida Statutes (2025), and Florida Rule of Criminal Procedure 3.212. In his petition, McGee asserts that the trial court departed from the essential requirements of law causing him irreparable harm because the evidence adduced below did not establish a substantial probability his competency was restorable in the reasonably foreseeable future. We deny the petition.

## I

McGee has a lengthy mental health history. He is the subject of charges in three separate pending felony cases. The first two cases involve an attempt to perpetrate a sexual battery on a stranger in the public domain and a battery on an on-duty correctional officer following an altercation over medical treatment. Following his release from custody into a community-based living facility, McGee is alleged to have again attempted to commit a sexual battery on a stranger in public.

McGee was evaluated by court-appointed experts at the Turner Guilford Knight Correctional Center, and the trial court convened a competency hearing. McGee waived his presence at the hearing, and two forensic psychologists testified.

2

The first, Dr. Brenda Rivera, stated she first evaluated McGee in 2019, and she has since conducted six evaluations. The most recent evaluation occurred some two months before the competency hearing.

Dr. Rivera met with McGee in an interview room. After ten minutes, she terminated the face-to-face portion of the interview because McGee was "grossly psychotic," mumbling, and unable to coherently respond to questions or maintain eye contact. She noted that McGee was "more decompensated" than at any prior evaluation.

Dr. Rivera determined McGee was incompetent to proceed after evaluating the Dusky[1] criteria, as codified in section 916.12, Florida Statutes. She concluded that each of his deficits was attributable to active psychosis resulting from bipolar schizoaffective disorder. She further observed that he had a documented history of substance abuse and although he was prescribed Olanzapine to manage his symptoms, his medication compliance was inconsistent.

Dr. Rivera stated that targeting McGee's symptoms with medication would yield improvement, and allowing his release into the community previously had resulted in substance abuse relapse. She concluded competency restoration hinged on consistent and proper medication, along

[1] Dusky v. United States, 362 U.S. 402 (1960).

3

with providing a more structured setting. She further found that McGee had previously been restored to competency in the state forensic hospital, and he met the statutory criteria for involuntary hospitalization.

The second expert, Dr. Vanessa Archer, stated that she evaluated McGee twice, the most recent of which was approximately two and a half months before the competency hearing. The latter interview occurred by video conference and spanned less than thirty minutes due to McGee's active psychosis. According to Dr. Archer, McGee was hyperverbal, tangential, and delusional and made sexually inappropriate comments.

Like Dr. Rivera, Dr. Archer opined that McGee suffered from schizophrenia. She further stated his condition was complicated by borderline intellectual functioning. Having examined the established competency factors, she concluded that McGee was incompetent to proceed. Her opinion, however, came with the caveat that his symptoms would diminish with proper medication and abstinence from controlled substances.

She further observed that McGee had previously been adjudicated competent following placement in a structured setting. Restoration, in her view, rested on achieving an established baseline. She found that he

4

presented a danger to others, particularly women, and recommended involuntary commitment in the state forensic hospital.

## II

## A

Certiorari is an extraordinary remedy that should be sparingly granted. See Valencia v. PennyMac Holdings, LLC, 317 So. 3d 178, 180 (Fla. 3d DCA 2012). To obtain a writ of certiorari, a petitioner must demonstrate a departure from the essential requirements of law, resulting in material injury for the remainder of the case, that cannot be corrected on plenary appeal. See University of Florida Board of Trustees v. Carmody, 372 So. 3d 246, 252 (Fla. 2023). Involuntary commitment orders are reviewable by certiorari. See D.L.D. v. State, 397 So. 3d 1160, 1161 (Fla. 5th DCA 2012).

## B

Section 916.13(1)(c), Florida Statutes, authorizes a court to involuntarily commit an incompetent criminal defendant upon clear and convincing evidence that "[t]here is a substantial probability that the mental illness causing the defendant's incompetence will respond to treatment and the defendant will regain competency to proceed in the reasonably foreseeable future." § 916.13(1)(c), Fla. Stat. (2025). It is axiomatic that a "finding that [a defendant] 'might' be restored to competency . . . does [not]

5

satisfy the statutory requirement of clear and convincing evidence that there be a 'substantial probability' that the [defendant] will regain competency in the foreseeable future." Horton v. Judd, 80 So. 3d 439, 440 (Fla. 2d DCA 2012). Conversely, where there is evidentiary support as to amenability to treatment, as evidenced by historical factors, an accepted methodology, or both, an involuntary commitment order is entitled to deference by the reviewing court.

**C**

In this case, the experts, both of whom had examined McGee on multiple occasions, confirmed that McGee suffers from schizoaffective disorder, along with a documented history of substance abuse. They unanimously agreed that his condition would be responsive to treatment. Both specifically opined his symptoms would improve in a structured setting, like the state forensic hospital, where he would receive proper medication management and be restricted from accessing illicit substances.

We are cognizant that any prediction as to future events necessarily entails a certain degree of speculation. But here, each expert tethered her forecast to McGee's specific diagnosis and failure to consistently adhere to his medication regime.

6

Finally, neither expert opined McGee was not restorable. Indeed, both noted that he was previously restored to competency several years ago under similar circumstances.[2] Given these unique facts, the cases cited by petitioner are distinguishable. See Dep't of Children and Families v. Pierre, 373 So. 3d 1272, 1275 (Fla. 2d DCA 2023) (noting that first expert did not offer an opinion as to restorability and second concluded the "prognosis for achieving competency is guarded given his apparent neurocognitive deficits"); see also Dep't of Children and Families v. Rodriguez, 267 So. 3d 1087, 1088 (Fla. 5th DCA 2019) ("Because the evaluating psychologist opined that Rodriguez [who was intellectually disabled] was not likely restorable to competency, he could not be committed under section 916.13(1)."); Dep't of Children and Families v. Musa, 321 So. 3d 908, 910 (Fla. 2d DCA 2021) ("At best, there is no evidence that Mr. Musa is restorable."). Accordingly, we find no departure from the essential requirements of law and deny the petition.

Petition denied.

---

[2] McGee's arrest affidavits, hospitalization history, and expert reports were before the trial court. See Dougherty v. State, 149 So. 3d 672, 677 (Fla. 2014).