# Third District Court of Appeal

## State of Florida

Opinion filed April 10, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-2496
Lower Tribunal No. 24-4092-CA-01
_____

**Mrs. S. Gold,**
Appellant,

vs.

**RK Associates #2, Inc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Daryl E. Trawick, Judge.

Eric Cvelbar, for appellant.

Conroy Simberg, and Diane H. Tutt (Hollywood), for appellees.

Before SCALES, C.J., and LINDSEY, and GOODEN, JJ.

PER CURIAM.

Appellant/Plaintiff below, Mrs. Gold, originally filed suit in a pro se capacity. The pro se complaint claims negligence in connection with a slip and fall, and related injuries, sustained by Appellant while on Appellees' commercial property. The pro se complaint also alleges defamation and intentional infliction of emotional distress and demands judgment "in the sum exceeding 3 million dollars." The named defendants are RK Associates #2 and RK Centers, Inc. ("Appellees"). Appellant later filed an amended complaint alleging only negligence and defamation.

The order on appeal, dated December 18, 2025, denies a motion for rehearing on an order granting in part and denying in part Appellant's *prior* motion for rehearing as to the July 28, 2025, final order of dismissal with prejudice. In other words, the order on appeal only denies a rehearing. An order to show cause was entered, as to why this appeal should not be dismissed, either as untimely filed or, for lack of jurisdiction. The parties responded.

Currently pending are: (1) Appellees' Motion to Dismiss; (2) Appellant's Motion for Leave of Court to Hear and Adjudicate Pending Motions; (3) Appellant's Emergency Motion for Leave to Rule on Pending Motions; (4) Appellant's Motion for ADA Accommodation; and (5) Appellant's Emergency

Motion to Relinquish Jurisdiction. For the following reasons, we grant the motion to dismiss and deny all other pending motions as moot.

The Notice of Appeal, filed on December 18, 2025, clearly states that Appellant is appealing only "the decision rendered on December 18, 2025." Said order, as related to this appeal, denies Appellant's October 30, 2025, Motion for Rehearing pursuant to Florida Rule of Civil Procedure 1.530(b). In addition to the December 18 order, Appellant also attached a September 24, 2025, order titled "Order Granting in Part and Denying in Part Plaintiff's Motion for Rehearing of the Court's Order of Dismissal," which Appellant refers to as "Order of Dismissal" in her Notice of Appeal.

This Court lacks jurisdiction because the December 18 order is effectively a denial of a motion for rehearing, denying a motion for rehearing, and is not appealable.

Florida Rule of Civil Procedure 1.530(b) states in part,

> A motion for new trial or for rehearing must be served not later than 15 days after the return of the verdict in a jury action or the date of filing of the judgment in a non-jury action. A timely motion may be amended to state new grounds in the discretion of the court at any time before the motion is determined.

Fla. R. Civ. P. 1.530(b).

"[T]he trial court has no authority either to permit the filing of any further motion for rehearing beyond the one authorized by Florida Rule of Civil

3

Procedure 1.530, or to extend the time for filing that motion." <u>Balmoral Condo. Ass'n v. Grimaldi</u>, 107 So. 3d 1149, 1151–52 (Fla. 3d DCA 2013) (citation modified). As a result, "once a judgment becomes final—as where (a) a final judgment has been entered, and (b) a motion for rehearing under 1.530 has been denied or no such motion is filed and the ten days for filing same has expired—the trial court loses jurisdiction to rehear the judgment on the merits." <u>Herskowitz v. Herskowitz</u>, 513 So. 2d 1318, 1319 (Fla. 3d DCA 1987).[1]

Here, without yet addressing the September 24, 2025 order, the December 18, 2025 order is not appealable as it is not timely pursuant to rule 1.530(b). Appellant filed the corresponding motion for rehearing on October 30, 2025. While the body of the motion is devoid of evidence that it seeks rehearing of the September 24, 2025 order (the order granting in part and denying in part the previous motion for rehearing), presuming it is directed toward the September 24 order, the motion is filed well over fifteen days after entry. As correctly noted by the trial court, it is untimely pursuant to rule 1.530(b). Therefore, this Court cannot hear the appeal. <u>See</u> <u>Mobley v. McNeil</u>, 989 So. 2d 1215, 1217 (Fla. 1st DCA 2008) ("An untimely motion

---

[1] Effective January 1, 2014, the time for serving a motion for rehearing pursuant to rule 1.530 changed from 10 days to 15. <u>See</u> <u>In re Amend. to Fla. R. Civ. P.</u>, 131 So. 3d 643 (Fla. 2013).

4

for rehearing neither delays rendition of the underlying order or judgment, nor is an order thereon an independently reviewable order. Thus, the Court lacks jurisdiction to review the order on appeal and the instant appeal is hereby dismissed.").

Additionally, Appellant's October 30, 2025 motion for rehearing reasserts the same case law and grounds as its initial motion for rehearing on September 18, 2025 and constitutes a prohibited successive motion for rehearing. Typically, Appellate courts do not have jurisdiction to review second orders on rehearing absent narrow circumstances such that the subsequent "opinion," or in this case, order, "constitutes a change in the entire basis of the initial ruling." See Matamoros v. Infinity Auto Ins. Co., 177 So. 3d 682, 683–85 n.1 (Fla. 3d DCA 2015) (reaffirming that "[a] second motion for rehearing generally is prohibited" and narrowly allowing "a second motion for rehearing when an opinion, rendered after an initial rehearing motion, changes the entire basis of the first ruling"). No such circumstances exist here. Rehearing was already addressed pursuant to rule 1.530. As reflected in the September 24 order, rehearing was only granted in part as to Appellee RK Centers, Inc. to clarify the final order of dismissal. The dismissal with prejudice, otherwise, stood as entered.

5

For the foregoing reasons, we dismiss this appeal for lack of jurisdiction, and all pending motions are denied as moot.

Dismissed.